

# UNITED STATES DISTRICT COURT
## *District of Rhode Island*

### CLERK'S CERTIFICATE AND APPELLATE COVER SHEET
### ABBREVIATED ELECTRONIC RECORD

| Case Information |
|---|

Case Caption: **State of New York et al**          vs.   **Trump et al**

District Court Number: 1:25-cv-00039-JJM-PAS          Presiding Judge: **Judge McConnell**

Notice of Appeal filed by: **Defendant**          Notice of Appeal document number: **162**

Appeal from: **ECF 161 Memorandum and Order**

Other information:

Fee status: **Waived**          Pro se case:     Yes ☐     No ☑

Emergency or requires expedition: **No**          *If yes, reason:*

| Record Information |
|---|

Motions Pending          Yes ☐     No ☑
*If yes, document #*

Other record information:

Related case(s) on appeal:

| Certification |
|---|

I, Hanorah Tyer-Witek, Clerk of the United States District Court for the District of Rhode Island, do certify that the following annexed electronic documents constitute the abbreviated record on appeal in the above referenced case:

**HANORAH TYER-WITEK**
Clerk of Court

/s/Cherelle Hill
Deputy Clerk

Date: **03/10/2025**

APPEAL

# U.S. District Court
## District of Rhode Island (Providence)
## CIVIL DOCKET FOR CASE #: <u>1:25−cv−00039−JJM−PAS</u>

State of New York et al v. Trump et al
Assigned to: Chief Judge John J. McConnell, Jr.
Referred to: Magistrate Judge Patricia A. Sullivan
Case in other court:  First Circuit, <u>25−01138 (requires PACER login)</u>
Cause: 05:551 Administrative Procedure Act

Date Filed: 01/28/2025
Jury Demand: Plaintiff
Nature of Suit: 899 Other Statutes:
Administrative Procedures Act/Review or
Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**State of New York**                    represented by   **Kathryn M. Sabatini**
Rhode Island Attorney General
150 South Main Street
Providence, RI 02906
401−274−4400
Email: <u>KSabatini@riag.ri.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
RI Department of Attorney General
150 South Main Street
Providence, RI 02903
401−274−4400
Email: <u>lgiarrano@riag.ri.gov</u>
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Colleen K. Faherty**
NYS Office of The Attorney General
Executive Division − Office of Federal
Initiatives
28 Liberty St.
18th Floor
New York, NY 10005
212−416−6046
Fax: 212−416−6009
Email: <u>colleen.faherty@ag.ny.gov</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Joseph Myers**
NYS Attorney General
Env. Prot. Bureau, The Capitol
Albany, NY 12224
(518) 776−2382
Email: <u>Michael.Myers@ag.ny.gov</u>

1

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
NYS Office of The Attorney General
28 Liberty Street
18th Floor
New York, NY 10005
212−416−8679
Email: molly.thomas−jensen@ag.ny.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Rabia Muqaddam**
Office of the New York State Attorney
General
28 Liberty St
New York, NY 10005
212−416−8883
Email: rabia.muqaddam@ag.ny.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Zoe Levine**
NYS Office of The Attorney General
28 Liberty Street
New York, NY 10005
212−416−8329
Email: zoe.levine@ag.ny.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
RI Department of Attorney General
150 South Main Street
Providence, RI 02903
401−274−4400
Email: srice@riag.ri.gov
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**State of California**    represented by    **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Carly J. Munson**

California Dept. of Justice
1300 l Street
Sacramento, CA 95814
916−210−7845
Email: carly.munson@doj.ca.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christine Chuang**
Office of The Attorney General
California
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102
415−510−3525
Email: christine.chuang@doj.ca.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Christopher J. Kissel**
California Dept. of Justice
300 S. Spring Street
Los Angeles, CA 90013
213−269−6388
Fax: 213−269−6250
Email: christopher.kissel@doj.ca.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth J. Sugarman**
Office of The Attorney General
Office of the Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94110
415−510−3531
Email: kenneth.sugarman@doj.ca.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lara Haddad**
California Dept. of Justice
Los Angeles, CA 90013
213−269−6250
Fax: 916−269−6250
Email: lara.haddad@doj.ca.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Laura Faer**
Office of The Attorney General
1515 Clay Street

Ste 20th Floor
Oakland, CA 94612
510−879−3304
Email: laura.faer@doj.ca.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Marie E. Logan**
California Dept. of Justice
1515 Clay St
Oakland, CA 94612
510−879−3136
Email: marie.logan@doj.ca.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nicholas R. Green**
California Dept. of Justice
San Francisco, CA 94102
415−510−3597
Email: nicholas.green@doj.ca.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Theodore McCombs**
Office of The Attorney General
Office of the Attorney General
600 W. Broadway, Suite 1800
San Diego, CA 92110
619−738−9000
Email: theodore.mccombs@doj.ca.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Illinois**                          represented by  **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alex Hemmer**
Illinois Attorney General's Office
115 S. LaSalle St.
Chicago, IL 60603
312−814−5526
Email: alex.hemmer@ilag.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Robert Henry Weaver**
Office of the Illinois Attorney General
115 S. LaSalle St.
Chicago, IL 60603
773−590−6838
Fax: 312−814−4452
Email: robert.weaver@ilag.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Rhode Island**            represented by   **Kathryn M. Sabatini**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of New Jersey**            represented by   **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Angela Cai**
Office of the NJ Attorney General
25 Market St
PO Box 080
Trenton, NJ 06811
609−414−5954
Email: angela.cai@njoag.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeremy Feigenbaum**
NJ AG's Office
25 Market St
PO Box 080
Trenton, NJ 06811
609−376−2690
Email: jeremy.feigenbaum@njoag.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shankar Duraiswamy**
New Jersey Office of Attorney General
33 Washington St
Newark, NJ 07102
609−649−1019
Email: shankar.duraiswamy@njoag.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Commonwealth of Massachusetts** | represented by | **Kathryn M. Sabatini**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Leonard Giarrano , IV**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

6

**Anna Esther Lumelsky**
Massachusetts Attorney General's Office
One Ashburton Place
Boston, MA 02108
617−963−2334
Email: Anna.Lumelsky@mass.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Chris Pappavaselio**
Massachusetts Attorney General's Office
One Ashburton Pl.
Boston, MA 02108
213−219−0765
Email: chris.pappavaselio2@mass.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Julia Jonas−Day**
Massachusetts Office of the Attorney
General
One Ashburton Place
18th Fl
Boston, MA 02108
781−799−8675
Email: julia.jonas−day@mass.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Katherine Brady Dirks**
Massachusetts Attorney General's Office
1 Ashburton Pl.
Ste 20th Floor
Boston, MA 02478
617−963−2277
Email: katherine.dirks@mass.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Nathaniel James Hyman**
Massachusetts Office of the Attorney
General
1 Ashburton Place
18th Floor
Boston, MA 02108
617−963−2514
Email: nathaniel.j.hyman@mass.gov

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Turner Helen Smith**
MA Office of the Attorney General
One Ashburton Place
Ste 18th Floor
Boston, MA 02108
617−721−9174
Email: Turner.Smith@mass.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Vanessa A. Arslanian**
Office of Massachusetts Attorney General
1 Ashburton Place
Boston, MA 02108
617−963−2107
Email: Vanessa.arslanian@mass.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Arizona**          represented by   **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua David Rothenberg Bendor**
Arizona Attorney General's Office
Solicitor General&#03
2005 North Central Avenue
Pheonix, AZ 85004
602−542−8958
Fax: 602−542−8308
Email: joshua.bendor@azag.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

8

**Nathan T. Arrowsmith**
Arizona Attorney General's Office
Solicitor General's Office
2005 North Central Avenue
Phoenix, AZ 85004
602−542−8636
Email: nathan.arrowsmith@azag.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

State of Colorado                    represented by    **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shannon Wells Stevenson**
Colorado Department of Law
1300 Broadway
10th Floor
Denver, CO 80203
720−508−6749
Email: shannon.stevenson@coag.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

State of Connecticut                 represented by    **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jill Lacedonia**
Office of the Attorney General, State of
Connecticut
Environment Department
165 Capitol Avenue
Hartford, CT 06106
860−808−5250
Fax: 860−808−5386
Email: jill.lacedonia@ct.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Kenneth Skold**
State of Connecticut Office of the Attorney
General
Administration
165 Capitol Avenue
Ste 5000
Hartford, CT 06106
860−808−5316
Fax: 860−808−5387
Email: michael.skold@ct.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**State of Delaware**                    represented by **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Vanessa L. Kassab**

Delaware Department of Justice
Division of Fraud and Consumer
Protection
Carvel State Building
820 N. French St.
Wilmington, DE 19801
302−683−8881
Email: vanessa.kassab@delaware.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**District of Columbia**                    represented by    **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew C. Mendrala**
Office of the Attorney General for the
District of Columbia
Civil Rights Section
400 Sixth Street N.W.
Washington, DC 20001
202−724−9726
Email: andrew.mendrala@dc.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Hawaii**                    represented by    **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

11

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David D. Day**
State of Hawaii Dept. of the Attorney
General
425 Queen Street
Honolulu, HI 96813
808−586−1284
Fax: 808−586−1239
Email: david.d.day@hawaii.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kalikoonalani D. Fernandes**
State of Hawaii Dept. of the Attorney
General
425 Queen Street
Honolulu, HI 96813
808−586−1360
Fax: 808−586−8116
Email: kaliko.d.fernandes@hawaii.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Maine**                    represented by    **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason David Anton**
Office of the Maine Attorney General
6 State House Station
Augusta, ME 04333
207−626−8412
Email: jason.anton@maine.gov

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Maryland**                     represented by  **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Adam Kirschner**
Office of the Attorney General− State of
Maryland
200 Saint Paul Place
Baltimore, MD 21202
410−576−6424
Email: akirschner@oag.state.md.us
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Michigan**                     represented by  **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Linus Banghart−Linn**
Michigan Dept of Atty General
525 W Ottawa St
Lansing, MI 48933
517−281−6677
Fax: 517−335−7644
Email: banghart−linnl@michigan.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Neil Giovanatti**
Michigan Department of Attorney General
525 W. Ottawa Street
P.O. Box 30758
Lansing, MI 48909
517−335−7603
Email: giovanattin@michigan.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Minnesota**                    represented by    **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Elizabeth Kramer**
MN Attorney General Office
445 Minnesota Street
St. Paul, MN 55102
651−757−1010
Email: liz.kramer@ag.state.mn.us
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

State of Nevada                           represented by  **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Heidi Parry Stern**
Nevada Attorney General's Office
Solicitor General
1 State of Nevada Way
Ste 100
Las Vegas, NV 89119
702−486−3594
Email: hstern@ag.nv.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

State of North Carolina                   represented by  **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Daniel P. Mosteller**
N.C Department of Justice
PO Box 629
Raleigh, NC 27602
919−716−6026
Email: dmosteller@ncdoj.gov

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of New Mexico**              represented by  **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anjana Samant**
NM Department of Justice
408 Galisteo St
Santa Fe, NM 87501
505−270−4332
Email: asamant@nmdoj.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Oregon**              represented by  **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Christina L. Beatty−Walters**

16

Oregon Department of Justice
100 SW Market Street
Portland, OR 97201−5702
971−673−1880
Fax: 971−673−5000
Email: tina.beattywalters@doj.oregon.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

State of Vermont                    represented by    **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan T. Rose**
Office of the Attorney General
Appellate Unit
109 State Street
Montpelier, VT 05609
802−793−1646
Email: jonathan.rose@vermont.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

State of Washington                 represented by    **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew R.W. Hughes**
State of Washington Attorney General's
Office
Complex Litigation
800 Fifth Avenue
Suite 2000
Seattle, WA 98104
206−464−7744
Email: andrew.hughes@atg.wa.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Leah Brown**
Office of the Washington Attorney General
Environmental Protection Division
800 Fifth Ave
Suite 2000
Seattle, WA 98104
206−233−3391
Fax: 206−587−5088
Email: leah.brown@atg.wa.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**State of Wisconsin**                    represented by  **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Bibb**
Wisconsin Department of Justice
17 West Main St

PO Box 7857
Madison, WI 53707−7857
608−266−0810
Fax: 608−294−2907
Email: bibbaj@doj.state.wi.us
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Molly Thomas−Jensen**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Office of the Governor of Kentucky ex rel. Andy Beshear**
*Office of the Governor of Kentucky ex rel. Andy Beshear*

represented by **Kathryn M. Sabatini**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Leonard Giarrano , IV**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sarah Rice**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Laura Crittenden Tipton**
Office of the Governor
700 Capitol Ave
Ste. 106
Frankfort, KY 40601
502−564−2611
Fax: 502−564−6858
Email: laurac.tipton@ky.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Steven Travis Mayo**
Office of the Governor
700 Capitol Ave
Ste. 106
Frankfort, KY 40601
502−564−2611
Fax: 502−564−6858
Email: travis.mayo@ky.gov
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Taylor Payne**
Office of the Governor
700 Capitol Ave
Ste. 106
Frankfort, KY 40601
502−564−2611
Fax: 502−564−6858
Email: taylor.payne@ky.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**Donald Trump**                         represented by    **Daniel Schwei**
*in his official capacity as President of the*            DOJ−Civ
*United States*                                            1100 L St., N.W.
                                                          Room 11532
                                                          Washington, DC 20530
                                                          202−305−8693
                                                          Email: daniel.s.schwei@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Andrew Freidah**
                                                          DOJ−Civ
                                                          1100 L Street NW
                                                          Ste 12308
                                                          Washington, DC 20005
                                                          202−305−0879
                                                          Email: andrew.f.freidah@usdoj.gov
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Eitan Sirkovich**
                                                          DOJ−Civ
                                                          1100 L Street NW
                                                          Room 12310
                                                          Washington, DC 20005
                                                          585−694−1124
                                                          Email: eitan.r.sirkovich@usdoj.gov
                                                          *ATTORNEY TO BE NOTICED*

**<u>Defendant</u>**

**U.S. Office of Management and Budget**    represented by    **Daniel Schwei**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Andrew Freidah**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Matthew Vaeth**                              represented by  **Daniel Schwei**
*in his official capacity as Acting Director*                (See above for address)
*of the U.S. Office of Management and*                       *LEAD ATTORNEY*
*Budget*                                                     *ATTORNEY TO BE NOTICED*

                                                             **Andrew Freidah**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Eitan Sirkovich**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Department of the Treasury**            represented by  **Daniel Schwei**
                                                             (See above for address)
                                                             *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Andrew Freidah**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Eitan Sirkovich**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Scott Bessent**                              represented by  **Daniel Schwei**
*in his official capacity as Secretary of the*               (See above for address)
*Treasury*                                                   *LEAD ATTORNEY*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Andrew Freidah**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Eitan Sirkovich**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Patricia Collins**
*in her official capacity as Treasurer of the U.S.*

represented by **Daniel Schwei**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Freidah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Department of Health and Human Services**

represented by **Daniel Schwei**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Freidah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**M.D. Dorothy A Fink**
*in her official capacity as Acting Secretary of Health and Human Services*
*TERMINATED: 03/06/2025*

represented by **Daniel Schwei**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Freidah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Department of Education**

represented by **Daniel Schwei**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Freidah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Denise Carter**                    represented by    **Daniel Schwei**
*in her official capacity as Acting*                  (See above for address)
*Secretary of Education*                              *LEAD ATTORNEY*
*TERMINATED: 03/06/2025*                              *ATTORNEY TO BE NOTICED*

                                                     **Andrew Freidah**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Eitan Sirkovich**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Federal Emergency Management**    represented by    **Daniel Schwei**
**Agency**                                                (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                     **Andrew Freidah**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Eitan Sirkovich**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**Cameron Hamilton**                  represented by    **Daniel Schwei**
*in his official capacity as Acting*                  (See above for address)
*Administrator of the U.S. Federal*                   *LEAD ATTORNEY*
*Emergency Management*                                *ATTORNEY TO BE NOTICED*

                                                     **Andrew Freidah**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Eitan Sirkovich**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Department of Transportation**    represented by    **Daniel Schwei**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Andrew Freidah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Judith Kaleta**<br>*in her official capacity as Acting Secretary of Transportation* | represented by | **Daniel Schwei**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Andrew Freidah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **U.S. Department of Labor** | represented by | **Daniel Schwei**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Andrew Freidah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **Vince Micone**<br>*in his official capacity as Acting Secretary of Labor* | represented by | **Daniel Schwei**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Andrew Freidah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **U.S. Department of Energy** | represented by | **Daniel Schwei** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Andrew Freidah** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Eitan Sirkovich** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Ingrid Kolb** | represented by | **Daniel Schwei** |
| *in her official capacity as Acting Secretary of the U.S. Department of Energy* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Andrew Freidah** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Eitan Sirkovich** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **U.S. Environmental Protection Agency** | represented by | **Daniel Schwei** |
| | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Andrew Freidah** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Eitan Sirkovich** |
| | | (See above for address) |
| | | *ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **James Payne** | represented by | **Daniel Schwei** |
| *in his official capacity as Acting Administrator of the U.S. Environmental Protection Agency* | | (See above for address) |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | |
| | | **Andrew Freidah** |
| | | (See above for address) |

25

*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Department of Homeland Security**    represented by    **Daniel Schwei**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Freidah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kristi Noem**
*in her official capacity as Secretary of*
*the U.S. Department of Homeland*
*Security*

represented by    **Daniel Schwei**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Freidah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Department of Justice**    represented by    **Daniel Schwei**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Freidah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

represented by

**James R McHenry, III**
*in his official capacity as Acting Attorney General of the U.S. Department of Justice*

**Daniel Schwei**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Freidah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**The National Science Foundation**               represented by   **Daniel Schwei**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Freidah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dr. Sethuraman Panchanathan**               represented by   **Daniel Schwei**
*in his capacity as Director of the National Science Foundation*
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Freidah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Lee Michael Zeldin**               represented by   **Daniel Schwei**
*Administrator of the Environmental Protection Agency*
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew Freidah**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Eitan Sirkovich**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Christopher Allen Wright**    represented by    **Daniel Schwei**
*Secretary of the U.S. Department of*                   (See above for address)
*Energy*                                                *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Andrew Freidah**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Eitan Sirkovich**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Sean P. Duffy**              represented by    **Daniel Schwei**
*Secretary of the U.S. Department of*                   (See above for address)
*Transportation*                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Andrew Freidah**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Eitan Sirkovich**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**Russell Vought**             represented by    **Daniel Schwei**
*Director of the U.S. Office of*                        (See above for address)
*Management and Budget*                                 *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Andrew Freidah**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Eitan Sirkovich**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Department of the Interior**
*U.S. Department of the Interior*

**<u>Defendant</u>**

**Douglas Burgum**
*Douglas Burgum, in his official capacity as Secretary of the Interior*

**<u>Defendant</u>**

**Pamela Bondi**
*Pamela Bondi, in her official capacity as Attorney General of the U.S. Department of Justice*

**<u>Defendant</u>**

**U.S. Department of Agriculture**

**<u>Defendant</u>**

**Gary Washington**
*Gary Washington, in his official capacity as Acting Secretary of Agriculture TERMINATED: 03/06/2025*

**<u>Defendant</u>**

**U.S. Department of Housing and Urban Development**

**<u>Defendant</u>**

**Scott Turner**
*Scott Turner, in his official capacity as Secretary of Housing and Urban Development*

**<u>Defendant</u>**

**U.S. Department of State**

**<u>Defendant</u>**

**Marco Rubio**
*Marco Rubio, in his official capacities as Secretary of State and Acting Administrator of the United States Agency for International Development*

**<u>Defendant</u>**

**U.S. Agency for International Development**

**<u>Defendant</u>**

**U.S. Department of Defense**

**<u>Defendant</u>**

**Peter Hegseth**
*Peter Hegseth, in his official capacity as
Secretary of Defense*

**Defendant**

**U.S. Department of Veterans Affairs**

**Defendant**

**Douglas Collins**
*Douglas Collins, in his official capacity
as Secretary of Veterans Affairs*

**Defendant**

**U.S. Department of Commerce**

**Defendant**

**Jeremy Pelter**
*Jeremy Pelter, in his official capacity as
Acting Secretary of Commerce
TERMINATED: 03/06/2025*

**Defendant**

**National Aeronautics and Space
Administration**

**Defendant**

**Janet Petro**
*Janet Petro, in her official capacity as
Acting Administrator of National
Aeronautics and Space Administration*

**Defendant**

**Corporation for National and
Community Service**

**Defendant**

**Jennifer Bastress Tahmasebi**
*Jennifer Bastress Tahmasebi, in her
official capacity as Interim Head of the
Corporation for National and
Community Service*

**Defendant**

**U.S. Social Security Administration**

**Defendant**

**Michelle King**
*Michelle King, in her official capacity as*

*Acting Commissioner of United States*
*Social Security Administration*
*TERMINATED: 03/06/2025*

**Defendant**

**U.S. Small Business Administration**

**Defendant**

**Everett Woodel**
*Everett Woodel, in his official capacity as*
*Acting Administrator of U.S. Small*
*Business Administration*
*TERMINATED: 03/06/2025*

**Defendant**

**Robert F. Kennedy, Jr.**                    represented by    **Daniel Schwei**
*in his official capacity as Secretary of the*                    (See above for address)
*Department of Health and Human*                               *LEAD ATTORNEY*
*Services*                                                      *ATTORNEY TO BE NOTICED*

                                                              **Andrew Freidah**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Eitan Sirkovich**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Linda McMahon**                            represented by    **Daniel Schwei**
*in her official capacity as Secretary of*                       (See above for address)
*Education*                                                     *LEAD ATTORNEY*
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Andrew Freidah**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

                                                              **Eitan Sirkovich**
                                                              (See above for address)
                                                              *ATTORNEY TO BE NOTICED*

**Defendant**

**Brooke Rollins**
*in her official capacity as Secretary of*
*the Department of Agriculture*

**Defendant**

**Howard Lutnick**

*in his capacity of the Secretary of Commerce*

**Defendant**

**Leland C. Dudek**
*in his official capacity as Acting Commissioner of the Social Security Administration*

**Defendant**

**Kelly Loeffler**
*in her official capacity as the Administrator of the Small Business Administration*

**Amicus**

**American Center for Law and Justice**    represented by    **Brandon S. Bell**
*TERMINATED: 02/13/2025*                                     Fontaine Bell, LLP
                                                            One Davol Square
                                                            Penthouse
                                                            Providence, RI 02903
                                                            274−8800
                                                            Fax: 274−8880
                                                            Email: bbell@fontainebell.com
                                                            *ATTORNEY TO BE NOTICED*


V.

**Movant**

**VR School**
*TERMINATED: 01/29/2025*

**Movant**

**Freedom Cheteni**
531 Lasuen Mall
#19492
Stanford, CA 94305
*United States Non Public School Superintedent*
*TERMINATED: 01/30/2025*

**Movant**

**Arthur West**
120 State Ave
NE #1497
Olympia, WA 98501
*TERMINATED: 02/10/2025*

**Movant**

**Rubin Young**
14060 SW 258th Street
Homestead, FL 33032
256−864−2411
*TERMINATED: 02/12/2025*

<u>Movant</u>

**Cody R. Hart**
901 Metcalf Street #71
Sedro−Wolley, WA 98284
*TERMINATED: 02/18/2025*

<u>Movant</u>

**Derrill J. Fussell**
929. E. College Way
Mount Vernon, WA 98273
*TERMINATED: 02/18/2025*

<u>Movant</u>

**Rev. Anne Armstrong**
99 Hudson Pond Road
West Greenwich, RI 02817
401−304−6543
*TERMINATED: 02/24/2025*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 01/28/2025 | 1 | COMPLAINT ( filing fee paid $ 405.00, receipt number ARIDC−2092620 ), filed by State of Vermont, State of Arizona, State of California, State of Nevada, State of New York, State of North Carolina, State of Minnesota, State of Maryland, State of Oregon, State of Delaware, District of Columbia, State of Washington, State of Maine, State of Wisconsin, Commonwealth of Massachusetts, State of Illinois, State of Connecticut, State of Hawaii, State of Michigan, State of Colorado, State of Rhode Island, State of New Mexico, State of New Jersey. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet)(Rice, Sarah) (Entered: 01/28/2025) |
| 01/28/2025 | | Case assigned to Chief Judge John J. McConnell, Jr. and Magistrate Judge Patricia A. Sullivan. (Simoncelli, Michael) (Entered: 01/28/2025) |
| 01/28/2025 | 2 | CASE OPENING NOTICE ISSUED (Simoncelli, Michael) (Entered: 01/28/2025) |
| 01/28/2025 | 3 | MOTION for Temporary Restraining Order filed by All Plaintiffs. (Attachments: # 1 Exhibit)(Rice, Sarah) (Entered: 01/28/2025) |
| 01/28/2025 | 4 | MOTION for Aaron J. Bibb to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092646 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 5 | MOTION for Alex Hemmer to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092647 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |

33

| 01/28/2025 | 6 | MOTION for Andrew Hughes to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092648 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
|---|---|---|
| 01/28/2025 | 7 | MOTION for Andrew C. Mendrala to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092649 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 8 | MOTION for Christina L. Beatty−Walters to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092650 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 9 | MOTION for Colleen K. Faherty to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092651 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 10 | MOTION for Daniel P. Mosteller to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092652 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 11 | MOTION for David D. Day to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092653 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 12 | MOTION for Jonathan T. Rose to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092654 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 13 | MOTION for Joshua David Rothenberg Bendor to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092655 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 14 | MOTION for Kalikoonalani D. Fernandes to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092656 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 15 | MOTION for Leah Brown to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092657 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 16 | MOTION for Linus Banghart−Linn to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092658 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 17 | MOTION for Michael Kenneth Skold to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092659 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 18 | MOTION for Molly Thomas−Jensen to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092660 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 19 | MOTION for Shannon Stevenson to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092662 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 20 | |

| | | |
|---|---|---|
| | | MOTION for Zoe Levine to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number BRIDC−2092663 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 21 | MOTION for Katherine Dirks to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092664 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 22 | MOTION for Angela Cai to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092665 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 23 | MOTION for Shankar Duraiswamy to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092667 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/28/2025 | 24 | MOTION for Jeremy M. Feigenbaum to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092668 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/28/2025) |
| 01/29/2025 | 25 | MOTION for Jason Anton to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2092688 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/29/2025) |
| 01/29/2025 | | NOTICE of Hearing on 3 MOTION for Temporary Restraining Order: Motion Hearing via Zoom **scheduled for Wednesday 1/29/2025 at 3:00 PM as a Remote Hearing** before Chief Judge John J. McConnell, Jr.; Zoom information has been provided to counsel under separate email. (Jackson, Ryan) (Entered: 01/29/2025) |
| 01/29/2025 | 26 | MOTION for Leave to File Amicus Brief filed by VR School. **Responses due by 2/12/2025.** (Attachments: # 1 Proposed Brief, # 2 Exhibit)(Simoncelli, Michael) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER denying 26 Motion for Leave to File Amicus Brief: VR School's Motion to File an Amicus Brief is DENIED. The filer, Mr. Freedom Cheteni, is not a member of the bar of this Court (or possibly any court). The Motion is filed on behalf of an entity called the "VR School." Pursuant to LR Gen 205(a), an entity needs an attorney of this Court to file with the Court. A non−lawyer may not file with the Court on behalf of an organization or corporate entity *pro se*. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Jackson, Ryan) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 5 Motion to Appear Pro Hac Vice of Alex Hemmer. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 6 Motion to Appear Pro Hac Vice of Andrew Hughes. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 7 Motion to Appear Pro Hac Vice of Andrew C. Mendrala. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | DOCKET NOTE: Today's (Wednesday 1/29/25) proceedings in this matter are available to non−case participants via the Court's YouTube channel. Interested parties should visit the Court's website for further viewing information. (Jackson, Ryan) |

| | | |
|---|---|---|
| | | (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 8 Motion to Appear Pro Hac Vice of Christina L. Beatty−Walters. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 9 Motion to Appear Pro Hac Vice of Colleen K. Faherty. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 10 Motion to Appear Pro Hac Vice of Daniel P. Mosteller. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 11 Motion to Appear Pro Hac Vice of David D. Day. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 12 Motion to Appear Pro Hac Vice of Jonathan T. Rose. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 13 Motion to Appear Pro Hac Vice of Joshua David Rothenberg Bendor. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 14 Motion to Appear Pro Hac Vice of Kalikoonalani D. Fernandes. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 15 Motion to Appear Pro Hac Vice of Leah Brown. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) Modified Text on 1/29/2025 (Hill, Cherelle). (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 16 Motion to Appear Pro Hac Vice of Linus Banghart−Linn. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 17 Motion to Appear Pro Hac Vice of Michael Kenneth Skold. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 18 Motion to Appear Pro Hac Vice of Molly Thomas−Jensen. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 19 Motion to Appear Pro Hac Vice of Shannon Stevenson. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | 27 | CORRECTED COMPLAINT, filed by State of Vermont, State of Arizona, State of California, State of Nevada, State of New York, State of North Carolina, State of Minnesota, State of Maryland, State of Oregon, State of Delaware, District of Columbia, State of Washington, State of Maine, State of Wisconsin, Commonwealth of Massachusetts, State of Illinois, State of Connecticut, State of Hawaii, State of Michigan, State of Colorado, State of Rhode Island, State of New Mexico, State of |

| | | New Jersey. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Civil Cover Sheet)(Rice, Sarah) Modified on 1/29/2025 to correct docket text. (Simoncelli, Michael). (Entered: 01/29/2025) |
|---|---|---|
| 01/29/2025 | | TEXT ORDER granting 20 Motion to Appear Pro Hac Vice of Zoe Levine. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 21 Motion to Appear Pro Hac Vice of Katherine Dirks. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | 28 | EXHIBIT IN SUPPORT by All Plaintiffs in support of 3 MOTION for Temporary Restraining Order *Corrected Exhibit 3−1*. (Rice, Sarah) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 22 Motion to Appear Pro Hac Vice of Angela Cai. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 23 Motion to Appear Pro Hac Vice of Shankar Duraiswamy. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 24 Motion to Appear Pro Hac Vice of Jeremy Feigenbaum. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 25 Motion to Appear Pro Hac Vice of Jason Anton. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 4 Motion to Appear Pro Hac Vice of Aaron Bibb. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | 29 | MOTION for Christine Chuang to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2093054 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/29/2025) |
| 01/29/2025 | 30 | MOTION for Laura L. Faer to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2093056 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 29 Motion to Appear Pro Hac Vice of Christine Chuang. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 30 Motion to Appear Pro Hac Vice of Laura Faer. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | 31 | MOTION for Heidi Parry Stern to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2093071 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/29/2025) |
| 01/29/2025 | 32 | MOTION for Elizabeth Kramer to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2093081 ) filed by State of Rhode Island. (Giarrano, |

| | | |
|---|---|---|
| | | Leonard) (Entered: 01/29/2025) |
| 01/29/2025 | 33 | MOTION for Adam D. Kirschner to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2093082 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/29/2025) |
| 01/29/2025 | 34 | MOTION for Carly J. Munson to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number BRIDC−2093085 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/29/2025) |
| 01/29/2025 | 35 | MOTION for Christopher J. Kissel to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2093089 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/29/2025) |
| 01/29/2025 | 36 | MOTION for Kenneth J. Sugarman to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2093091 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/29/2025) |
| 01/29/2025 | 37 | MOTION for Lara Haddad to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2093096 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/29/2025) |
| 01/29/2025 | 38 | MOTION for Nicholas R. Green to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2093097 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 31 Motion to Appear Pro Hac Vice of Heidi Parry Stern. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | | TEXT ORDER granting 32 Motion to Appear Pro Hac Vice of Elizabeth Kramer. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | 39 | NOTICE of Appearance by Daniel Schwei on behalf of All Defendants (Schwei, Daniel) (Entered: 01/29/2025) |
| 01/29/2025 | 40 | MOTION for Rabia Muqaddam to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2093108 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/29/2025) |
| 01/29/2025 | 41 | MOTION for Neil Giovanatti to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2093110 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/29/2025) |
| 01/29/2025 | 42 | MOTION for Vanessa L. Kassab to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2093113 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/29/2025) |
| 01/29/2025 | 43 | NOTICE by Donald Trump, U.S. Office of Management and Budget, Matthew Vaeth, U.S. Department of the Treasury, Scott Bessent, Patricia Collins, U.S. Department of Health and Human Services, Dorothy A Fink, U.S. Department of Education, Denise Carter, U.S. Federal Emergency Management Agency, Cameron Hamilton, U.S. Department of Transportation, Judith Kaleta, U.S. Department of Labor, Vince Micone, U.S. Department of Energy, Ingrid Kolb, U.S. Environmental Protection Agency, James Payne, U.S. Department of Homeland Security, Kristi Noem, U.S. |

| | |
|---|---|
| | Department of Justice, James R McHenry, III, The National Science Foundation, Sethuraman Panchanathan re 3 MOTION for Temporary Restraining Order *of Factual Developments* (Attachments: # 1 Exhibit OMB Mem M−25−14, Rescission of M−25−13 (Jan. 28, 2025))(Schwei, Daniel) (Entered: 01/29/2025) |
| 01/29/2025 | TEXT ORDER granting 33 Motion to Appear Pro Hac Vice of Adam Kirschner. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | TEXT ORDER granting 34 Motion to Appear Pro Hac Vice of Carly J. Munson. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | TEXT ORDER granting 35 Motion to Appear Pro Hac Vice of Christopher J. Kissel. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | TEXT ORDER granting 36 Motion to Appear Pro Hac Vice of Kenneth J. Sugarman. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | TEXT ORDER granting 37 Motion to Appear Pro Hac Vice of Lara Haddad. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | TEXT ORDER granting 38 Motion to Appear Pro Hac Vice of Nicholas R. Green. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | TEXT ORDER granting 40 Motion to Appear Pro Hac Vice of Rabia Muqaddam. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | TEXT ORDER granting 41 Motion to Appear Pro Hac Vice of Neil Giovanatti. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | TEXT ORDER granting 42 Motion to Appear Pro Hac Vice of Vanessa L. Kassab. So Ordered by Chief Judge John J. McConnell, Jr. on 1/29/2025. (Hill, Cherelle) (Entered: 01/29/2025) |
| 01/29/2025 | Minute Entry for proceedings held before Chief Judge John J. McConnell, Jr.: Motion Hearing via Zoom held on 1/29/2025 re: 3 MOTION for Temporary Restraining Order filed by State of New York, et al. Counsel present: S. Rice, K. Sabatini; M. Thomas−Jensen, R. Muqaddam; A. Hemmer; C. Chuang, L. Faer; K. Dirks; D. Schwei. Court addresses withdrawal of the OMD memo; Plaintiffs (Rice) responds. Court questions Plaintiffs. One exhibit admitted as evidence. Defendants (Schwei) argues; Court questions Defendants. Plaintiffs (Rice) give reply argument. Court orders Plaintiffs/States to prepare a proposed order and share it with Defendants before submitting to the Court. Upon submission to the Court (via email to Case Manager), the Defendants will have 24−hours to response to the proposed order by letter−brief. Court will then consider the proposed order and response and schedule a conference if necessary. Adjourned. (Court Reporter Denise Webb in Courtroom Remote via Zoom Videoconference at 3:00 PM.) (Jackson, Ryan) (Entered: 01/29/2025) |

| 01/29/2025 | 44 | Exhibit List for 1/29/25 Motion Hearing on TRO before Chief Judge McConnell. (Jackson, Ryan) (Entered: 01/29/2025) |
| 01/29/2025 | 45 | MOTION for Anjana Samant to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2093253 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 01/29/2025) |
| 01/30/2025 | | TEXT ORDER granting 45 Motion to Appear Pro Hac Vice of Anjana Samant. So Ordered by Chief Judge John J. McConnell, Jr. on 1/30/2025. (Hill, Cherelle) (Entered: 01/30/2025) |
| 01/30/2025 | 46 | DOCKET NOTE: Proposed Temporary Restraining Order filed by State of NY, et al. Received by the Court at 6:15 PM on 1/29/25. (Jackson, Ryan) (Entered: 01/30/2025) |
| 01/30/2025 | 47 | MOTION for Leave to File Amicus Brief filed by Freedom Cheteni. **Responses due by 2/13/2025.** (Attachments: # 1 Proposed Amicus, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit)(Simoncelli, Michael) (Entered: 01/30/2025) |
| 01/30/2025 | | TEXT ORDER denying 47 Motion for Leave to File Amicus Brief. So Ordered by Chief Judge John J. McConnell, Jr. on 1/30/2025. (Jackson, Ryan) (Entered: 01/30/2025) |
| 01/30/2025 | 48 | MOTION Motion to Supplement Record re: 3 MOTION for Temporary Restraining Order filed by All Plaintiffs. **Responses due by 2/13/2025.** (Attachments: # 1 Exhibit Sugarman Decl. and Exhibits)(Rice, Sarah) (Entered: 01/30/2025) |
| 01/30/2025 | 49 | RESPONSE In Opposition to 3 MOTION for Temporary Restraining Order filed by All Defendants. **Replies due by 2/6/2025.** (Attachments: # 1 Exhibit OMB Guidance (Jan. 28, 2025))(Schwei, Daniel) (Entered: 01/30/2025) |
| 01/31/2025 | | TEXT ORDER granting 48 MOTION to Supplement Record re: 3 MOTION for Temporary Restraining Order. So Ordered by Chief Judge John J. McConnell, Jr. on 1/31/2025. (Jackson, Ryan) (Entered: 01/31/2025) |
| 01/31/2025 | 50 | TEMPORARY RESTRAINING ORDER granting 3 Motion for TRO. So Ordered by Chief Judge John J. McConnell, Jr. on 1/31/2025. (Jackson, Ryan) (Entered: 01/31/2025) |
| 02/03/2025 | 51 | NOTICE by Donald Trump, U.S. Office of Management and Budget, Matthew Vaeth, U.S. Department of the Treasury, Scott Bessent, Patricia Collins, U.S. Department of Health and Human Services, Dorothy A Fink, U.S. Department of Education, Denise Carter, U.S. Federal Emergency Management Agency, Cameron Hamilton, U.S. Department of Transportation, Judith Kaleta, U.S. Department of Labor, Vince Micone, U.S. Department of Energy, Ingrid Kolb, U.S. Environmental Protection Agency, James Payne, U.S. Department of Homeland Security, Kristi Noem, U.S. Department of Justice, James R McHenry, III, The National Science Foundation, Sethuraman Panchanathan re 50 Order on Motion for TRO (Attachments: # 1 Exhibit Written Notice of Court Order)(Schwei, Daniel) (Entered: 02/03/2025) |
| 02/03/2025 | 52 | NOTICE of Appearance by Eitan Sirkovich on behalf of All Defendants (Sirkovich, Eitan) (Entered: 02/03/2025) |
| 02/03/2025 | | TEXT ORDER: Plaintiffs' Motion for Preliminary Injunction and Memorandum in Support is due on or before Friday 2/7/2025; Defendants' Opposition and Memorandum is due on or before Wednesday 2/12/25; Plaintiffs' Reply is due two |

| | | |
|---|---|---|
| | | days after the filing of the Defendants' opposition. So Ordered by Chief Judge John J. McConnell, Jr. on 2/3/2025. (Jackson, Ryan) (Entered: 02/03/2025) |
| 02/03/2025 | 53 | NOTICE of Appearance by Andrew Freidah on behalf of All Defendants (Freidah, Andrew) (Entered: 02/03/2025) |
| 02/04/2025 | 54 | MOTION for Turner Helen Smith to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2095192 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/04/2025) |
| 02/04/2025 | 55 | MOTION for Anna Lumelsky to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2095198 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/04/2025) |
| 02/04/2025 | 56 | MOTION for Michael Joseph Myers to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2095201 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/04/2025) |
| 02/04/2025 | | TEXT ORDER granting 54 Motion to Appear Pro Hac Vice of Turner Helen Smith. So Ordered by Chief Judge John J. McConnell, Jr. on 2/4/2025. (Gonzalez Gomez, Viviana) (Entered: 02/04/2025) |
| 02/04/2025 | | TEXT ORDER granting 55 Motion to Appear Pro Hac Vice of Anna Lumelsky. So Ordered by Chief Judge John J. McConnell, Jr. on 2/4/2025. (Gonzalez Gomez, Viviana) (Entered: 02/04/2025) |
| 02/04/2025 | | TEXT ORDER granting 56 Motion to Appear Pro Hac Vice of Michael Joseph Myers. So Ordered by Chief Judge John J. McConnell, Jr. on 2/4/2025. (Gonzalez Gomez, Viviana) (Entered: 02/04/2025) |
| 02/04/2025 | | NOTICE of CONFERENCE: Chambers Conference via Zoom *scheduled for Thursday 2/6/2025 at 9:30 AM as a Remote Conference* before Chief Judge John J. McConnell, Jr. This conference is for *COUNSEL ONLY* and Zoom Meeting information has been provided to counsel under separate cover. THIS IS NOT A PUBLIC HEARING. (Jackson, Ryan) (Entered: 02/04/2025) |
| 02/04/2025 | 57 | MOTION for Marie E. Logan to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2095272 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/04/2025) |
| 02/04/2025 | 58 | MOTION for Theodore McCombs to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2095275 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/04/2025) |
| 02/04/2025 | | TEXT ORDER granting 57 Motion to Appear Pro Hac Vice of Marie E. Logan. So Ordered by Chief Judge John J. McConnell, Jr. on 2/4/2025. (Hill, Cherelle) (Entered: 02/04/2025) |
| 02/04/2025 | | TEXT ORDER granting 58 Motion to Appear Pro Hac Vice of Theodore McCombs. So Ordered by Chief Judge John J. McConnell, Jr. on 2/4/2025. (Hill, Cherelle) (Entered: 02/04/2025) |
| 02/04/2025 | 59 | NOTICE of Appearance by Turner Helen Smith on behalf of Commonwealth of Massachusetts (Smith, Turner) (Entered: 02/04/2025) |
| 02/04/2025 | 60 | MOTION to Intervene filed by Arthur West. **Responses due by 2/18/2025.** (Attachments: # 1 DESCHUTES ESTUARY GRANT INFORMATION, # 2 NEPA |

| | | |
|---|---|---|
| | | NOV 25 As filed, # 3 NEPA NOV 25 EXHIBITS, # 4 WEST V. REED MISREPRESENTATION OF INJUNCTION, # 5 Email)(Hill, Cherelle) (Entered: 02/04/2025) |
| 02/04/2025 | 61 | NOTICE of Appearance by Anna Esther Lumelsky on behalf of Commonwealth of Massachusetts (Lumelsky, Anna) (Entered: 02/04/2025) |
| 02/05/2025 | | Reset Hearings re: Notice of Public Chambers Conference via Zoom **scheduled for Thursday 2/6/2025 at 9:30 AM as a Remote Conference** before Chief Judge John J. McConnell, Jr. This conference will now be available for public viewing via the Court's YouTube channel; information on connecting to the conference is available on the Court's website. Counsel are still directed to connect to the conference via Zoom with the meeting invitation previously sent to counsel via email. (Jackson, Ryan) (Entered: 02/05/2025) |
| 02/05/2025 | 62 | MOTION for Nathan T. Arrowsmith to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2096068 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/05/2025) |
| 02/06/2025 | | TEXT ORDER granting 62 Motion to Appear Pro Hac Vice of Nathan T. Arrowsmith. So Ordered by Chief Judge John J. McConnell, Jr. on 2/6/2025. (Hill, Cherelle) (Entered: 02/06/2025) |
| 02/06/2025 | | Minute Entry for proceedings held before Chief Judge John J. McConnell, Jr.: Chambers Conference via Zoom held on 2/6/2025. Counsel present: S. Rice, K. Sabatini, L. Giarrano; R. Muqaddam, M. Thomas−Jensen, C. Faherty; L. Faer, T. McCombs; K. Dirks; D. Schwei, E. Sirkovich. (Jackson, Ryan) (Entered: 02/06/2025) |
| 02/06/2025 | | TEXT ORDER: The Court extends the 50 TEMPORARY RESTRAINING ORDER for good cause including the complexity of the issues involved, the number of parties, and the need to maintain the status quo while this matter is being expeditiously litigated − until the Court enters an order on the Plaintiffs' Motion for Preliminary Injunction. So Ordered by Chief Judge John J. McConnell, Jr. on 2/6/2025. (Jackson, Ryan) (Entered: 02/06/2025) |
| 02/06/2025 | 63 | TRANSCRIPT ORDER for proceedings held on Jan. 29, 2025 before Judge Chief Judge McConnell. <span style="color:red">Daily Transcript selected.</span> Transcript to be delivered following adjournment and prior to the normal opening hour of court on the following morning.. (Schwei, Daniel) (Entered: 02/06/2025) |
| 02/06/2025 | 64 | MOTION for Jill Lacedonia to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2096517 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/06/2025) |
| 02/07/2025 | | TEXT ORDER granting 64 Motion to Appear Pro Hac Vice of Jill Lacedonia. So Ordered by Chief Judge John J. McConnell, Jr. on 2/7/2025. (Hill, Cherelle) (Entered: 02/07/2025) |
| 02/07/2025 | 65 | TRANSCRIPT ORDER ACKNOWLEDGMENT Entered re: 63 Transcript Order,. Daily Transcript Ordered. Court Reporter/Transcriber: Denise Webb. (Dias, Jennifer) (Entered: 02/07/2025) |
| 02/07/2025 | 66 | Emergency MOTION to Enforce re: 50 Order on Motion for TRO filed by All Plaintiffs. <span style="color:red">**Responses due by 2/21/2025.**</span> (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Rice, Sarah) (Entered: 02/07/2025) |

| 02/07/2025 | 67 | MOTION for Preliminary Injunction filed by All Plaintiffs. **Responses due by 2/21/2025.** (Thomas−Jensen, Molly) (Entered: 02/07/2025) |
|---|---|---|
| 02/07/2025 | | TEXT ORDER: Defendants are hereby ORDERED to Respond to Plaintiffs' 66 Emergency MOTION to Enforce re: 50 Order on Motion for TRO *by this Sunday, 2/9/2025.* So Ordered by Chief Judge John J. McConnell, Jr. on 2/7/2025. (Jackson, Ryan) (Entered: 02/07/2025) |
| 02/07/2025 | 68 | DECLARATION re 67 MOTION for Preliminary Injunction by All Plaintiffs. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45, # 46 Exhibit 46, # 47 Exhibit 47, # 48 Exhibit 48, # 49 Exhibit 49, # 50 Exhibit 50, # 51 Exhibit 51, # 52 Exhibit 52, # 53 Exhibit 53, # 54 Exhibit 54, # 55 Exhibit 55, # 56 Exhibit 56, # 57 Exhibit 57, # 58 Exhibit 58, # 59 Exhibit 59, # 60 Exhibit 60, # 61 Exhibit 61, # 62 Exhibit 62, # 63 Exhibit 63, # 64 Exhibit 64, # 65 Exhibit 65, # 66 Exhibit 66, # 67 Exhibit 67, # 68 Exhibit 68, # 69 Exhibit 69, # 70 Exhibit 70, # 71 Exhibit 71, # 72 Exhibit 72, # 73 Exhibit 73, # 74 Exhibit 74, # 75 Exhibit 75, # 76 Exhibit 76, # 77 Exhibit 77, # 78 Exhibit 78, # 79 Exhibit 79, # 80 Exhibit 80, # 81 Exhibit 81, # 82 Exhibit 82, # 83 Exhibit 83, # 84 Exhibit 84, # 85 Exhibit 85, # 86 Exhibit 86, # 87 Exhibit 87, # 88 Exhibit 88, # 89 Exhibit 89, # 90 Exhibit 90, # 91 Exhibit 91, # 92 Exhibit 92, # 93 Exhibit 93, # 94 Exhibit 94, # 95 Exhibit 95, # 96 Exhibit 96, # 97 Exhibit 97, # 98 Exhibit 98, # 99 Exhibit 99, # 100 Exhibit 100, # 101 Exhibit 101, # 102 Exhibit 102, # 103 Exhibit 103, # 104 Exhibit 104, # 105 Exhibit 105, # 106 Exhibit 106, # 107 Exhibit 107, # 108 Exhibit 108, # 109 Exhibit 109, # 110 Exhibit 110, # 111 Exhibit 111, # 112 Exhibit 112, # 113 Exhibit 113, # 114 Exhibit 114, # 115 Exhibit 115, # 116 Exhibit 116, # 117 Exhibit 117, # 118 Exhibit 118, # 119 Exhibit 119, # 120 Exhibit 120, # 121 Exhibit 121, # 122 Exhibit 122, # 123 Exhibit 123, # 124 Exhibit 124, # 125 Exhibit 125, # 126 Exhibit 126, # 127 Exhibit 127)(Thomas−Jensen, Molly) **CLERK'S NOTE:** *PDF error in original Exhibit 83, corrected version filed at ECF No. 101 . Docket text modified on 2/11/2025.* (Gonzalez Gomez, Viviana) (Entered: 02/07/2025) |
| 02/07/2025 | 69 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/07/2025) |
| 02/09/2025 | 70 | RESPONSE In Opposition to 66 Emergency MOTION *to Enforce* re: 50 Order on Motion for TRO filed by All Defendants. **Replies due by 2/18/2025.** (Schwei, Daniel) (Entered: 02/09/2025) |
| 02/10/2025 | | TEXT ORDER denying 60 Motion to Intervene. So Ordered by Chief Judge John J. McConnell, Jr. on 2/10/2025. (Jackson, Ryan) (Entered: 02/10/2025) |
| 02/10/2025 | 71 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 72 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |

| 02/10/2025 | 73 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 74 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 75 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 76 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 77 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 78 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 79 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 80 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 81 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 82 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 83 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 84 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 85 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 86 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 87 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 88 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 89 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 90 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 91 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 92 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: |

| | | 02/10/2025) |
|---|---|---|
| 02/10/2025 | 93 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 94 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 95 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/10/2025) |
| 02/10/2025 | 96 | ORDER granting 66 Emergency MOTION to Enforce 50 Order on Motion for TRO. So Ordered by Chief Judge John J. McConnell, Jr. on 2/10/2025. (Jackson, Ryan) (Entered: 02/10/2025) |
| 02/10/2025 | 97 | Summons Issued as to Scott Bessent, Denise Carter, Patricia Collins, Dorothy A Fink, Cameron Hamilton, Judith Kaleta, Ingrid Kolb, James R McHenry, III, Vince Micone, Kristi Noem, Sethuraman Panchanathan, James Payne, The National Science Foundation, Donald Trump, U.S. Department of Education, U.S. Department of Energy, U.S. Department of Health and Human Services, U.S. Department of Homeland Security, U.S. Department of Justice, U.S. Department of Labor, U.S. Department of Transportation, U.S. Department of the Treasury, U.S. Environmental Protection Agency, U.S. Federal Emergency Management Agency, U.S. Office of Management and Budget, Matthew Vaeth. (Attachments: # 1 Summons Issued as to D. Carter, # 2 Summons Issued as to U.S. Department of Education, # 3 Summons Issued as to U.S. Department of Energy, # 4 Summons Issued as to U.S. Department of Labor, # 5 Summons Issued as to U.S. Department of Justice, # 6 Summons Issued as to D. Trump, # 7 Summons Issued as to D. Fink, # 8 Summons Issued as to U.S. Department of Transporation, # 9 Summons Issued as to U.S. Environmental Protection Agency, # 10 Summons Issued as to U.S. Federal Emergency Management Agency, # 11 Summons Issued as to U.S. Department of Health and Human Services, # 12 Summons Issued as to U.S. Department of Homeland Security, # 13 Summons Issued as to I. Kolb, # 14 Summons Issued as to J. Payne, # 15 Summons Issued as to J. McHenry, # 16 Summons Issued as to J. Kaleta, # 17 Summons Issued as to K. Noem, # 18 Summons Issued as to M. Vaeth, # 19 Summons Issued as to The National Science Foundation, # 20 Summons Issued as to U.S. Office of Management and Budget, # 21 Summons Issued as to Collins, # 22 Summons Issued as to S. Bessent, # 23 Summons Issued as to S. Panchanathan, # 24 Summons Issued as to U.S. Department of Treasury, # 25 Summons Issued as to V. Micone) (Gonzalez Gomez, Viviana) (Entered: 02/10/2025) |
| 02/10/2025 | 98 | NOTICE OF APPEAL by Donald Trump, U.S. Office of Management and Budget, Matthew Vaeth, U.S. Department of the Treasury, Scott Bessent, Patricia Collins, U.S. Department of Health and Human Services, Dorothy A Fink, U.S. Department of Education, Denise Carter, U.S. Federal Emergency Management Agency, Cameron Hamilton, U.S. Department of Transportation, Judith Kaleta, U.S. Department of Labor, Vince Micone, U.S. Department of Energy, Ingrid Kolb, U.S. Environmental Protection Agency, James Payne, U.S. Department of Homeland Security, Kristi Noem, U.S. Department of Justice, James R McHenry, III, The National Science Foundation, Sethuraman Panchanathan as to 50 Order on Motion for TRO, 96 Order on Motion for Miscellaneous Relief (No fee paid, USA, Waived by Statute, or IFP.)<br><br>**NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should** |

| | | |
|---|---|---|
| | | **also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at**  http://www.ca1.uscourts.gov/cmecf Appeal Record due by 2/18/2025. (Schwei, Daniel) (Entered: 02/10/2025) |
| 02/10/2025 | 99 | CLERK'S CERTIFICATE AND APPELLATE COVER SHEET: Abbreviated record on appeal consisting of notice of appeal, order(s) being appealed, and a copy of the district court docket report transmitted to the U.S. Court of Appeals for the First Circuit in accordance with 1st Cir. R. 11.0(b) re: 98 Notice of Appeal. Documents Sent: 50, 96. (Attachments: # 1 Record on Appeal) (Gonzalez Gomez, Viviana) (Entered: 02/10/2025) |
| 02/10/2025 | 100 | MOTION to Stay re 50 Order on Motion for TRO, 96 Order on Motion for Miscellaneous Relief *Pending Appeal* filed by All Defendants. **Responses due by 2/24/2025.** (Schwei, Daniel) (Entered: 02/10/2025) |
| 02/11/2025 | | USCA Case Number 25−1138 for 98 Notice of Appeal, filed by U.S. Department of Energy, Scott Bessent, U.S. Department of Labor, U.S. Environmental Protection Agency, U.S. Federal Emergency Management Agency, U.S. Department of Health and Human Services, Sethuraman Panchanathan, The National Science Foundation, U.S. Department of the Treasury, U.S. Department of Homeland Security, Judith Kaleta, Donald Trump, Vince Micone, Patricia Collins, U.S. Department of Transportation, U.S. Office of Management and Budget, U.S. Department of Education, Kristi Noem, U.S. Department of Justice, James R McHenry, III, Ingrid Kolb, Dorothy A Fink, James Payne, Denise Carter, Matthew Vaeth, Cameron Hamilton. (Hill, Cherelle) (Entered: 02/11/2025) |
| 02/11/2025 | 101 | *Corrected* DECLARATION *re: 68 Declaration − Exhibit 83* by All Plaintiffs. (Giarrano, Leonard) **CLERK'S NOTE:** *Docket text modified on 2/11/2025 to tie to prior filing.* (Gonzalez Gomez, Viviana) (Entered: 02/11/2025) |
| 02/11/2025 | | TEXT ORDER: Plaintiffs State of NY, et al. shall have until **10 AM Wednesday 2/12/2025** to file a response to 100 MOTION to Stay re: 50 Order on Motion for TRO, 96 Order on Motion for Miscellaneous Relief *Pending Appeal* filed by Donald Trump, et al. So Ordered by Chief Judge John J. McConnell, Jr. on 2/11/2025. (Jackson, Ryan) (Entered: 02/11/2025) |
| 02/11/2025 | | TEXT ORDER: Pursuant to Fed. R. Civ. P. 25(d), Russell Vought has been substituted for Matthew Vaeth as Director of the Office of Management and Budget in this action. So Ordered by Chief Judge John J. McConnell, Jr. on 2/11/2025. (Simoncelli, Michael) (Entered: 02/11/2025) |
| 02/11/2025 | | TEXT ORDER: Pursuant to Fed. R. Civ. P. 25(d), Sean P. Duffy has been substituted for Judith Kaleta as Secretary of the Department of Transportation in this action. So Ordered by Chief Judge John J. McConnell, Jr. on 2/11/2025. (Simoncelli, Michael) (Entered: 02/11/2025) |
| 02/11/2025 | | TEXT ORDER: Pursuant to Fed. R. Civ. P. 25(d), Christopher Allen Wright has been substituted for Ingrid Kolb as Secretary of the Department of Energy in this action. So Ordered by Chief Judge John J. McConnell, Jr. on 2/11/2025. (Simoncelli, Michael) (Entered: 02/11/2025) |
| 02/11/2025 | | TEXT ORDER: Pursuant to Fed. R. Civ. P. 25(d), Lee Michael Zeldin has been substituted for James Payne as Administrator of the Environmental Protection Agency in this action. So Ordered by Chief Judge John J. McConnell, Jr. on 2/11/2025. (Simoncelli, Michael) (Entered: 02/11/2025) |

| | | |
|---|---|---|
| 02/11/2025 | 102 | Emergency MOTION *Requesting Ruling by 11am on February 12 for Permission to Continue Withholding FEMA and Other Funding* re: 50 Order on Motion for TRO, 96 Order on Motion for Miscellaneous Relief filed by All Defendants. **Responses due by 2/25/2025.** (Attachments: # 1 Exhibit FEMA Hamilton Declaration, # 2 Exhibit Hamilton Decl Exhibit 1, # 3 Exhibit Hamilton Decl Exhibit 2, # 4 Exhibit Hamilton Decl Exhibit 3)(Schwei, Daniel) (Entered: 02/11/2025) |
| 02/11/2025 | 103 | Supplemental MOTION *Requesting Permission to Continue Payment Review Processes* re: 102 Emergency MOTION *Requesting Ruling by 11am on February 12 for Permission to Continue Withholding FEMA and Other Funding* re: 50 Order on Motion for TRO, 96 Order on Motion for Miscellaneous Relief filed by All Defendants. **Responses due by 2/25/2025.** (Attachments: # 1 Exhibit PMS Bruce Declaration)(Schwei, Daniel) (Entered: 02/11/2025) |
| 02/11/2025 | 104 | RESPONSE In Opposition to 102 Emergency MOTION *Requesting Ruling by 11am on February 12 for Permission to Continue Withholding FEMA and Other Funding* re: 50 Order on Motion for TRO, 96 Order on Motion for Miscellaneous Relief, 103 Supplemental MOTION *Requesting Permission to Continue Payment Review Processes* re: 102 Emergency MOTION *Requesting Ruling by 11am on February 12 for Permission to Continue Withholding FEMA and Other Funding* re: 50 Order o filed by All Plaintiffs. **Replies due by 2/18/2025.** (Muqaddam, Rabia) (Entered: 02/11/2025) |
| 02/11/2025 | 105 | RESPONSE In Opposition to 100 MOTION to Stay re 50 Order on Motion for TRO, 96 Order on Motion for Miscellaneous Relief *Pending Appeal* filed by All Plaintiffs. **Replies due by 2/18/2025.** (Lumelsky, Anna) (Entered: 02/11/2025) |
| 02/12/2025 | 106 | ORDER of the U.S. Court of Appeals for the First Circuit entered as to 98 Notice of Appeal, filed by U.S. Department of Energy, Scott Bessent, U.S. Department of Labor, U.S. Environmental Protection Agency, U.S. Federal Emergency Management Agency, U.S. Department of Health and Human Services, Sethuraman Panchanathan, The National Science Foundation, U.S. Department of the Treasury, U.S. Department of Homeland Security, Judith Kaleta, Donald Trump, Vince Micone, Patricia Collins, U.S. Department of Transportation, U.S. Office of Management and Budget, U.S. Department of Education, Kristi Noem, U.S. Department of Justice, James R McHenry, III, Ingrid Kolb, Dorothy A Fink, James Payne, Denise Carter, Matthew Vaeth, Cameron Hamilton. [25−1138] (Gonzalez Gomez, Viviana) (Entered: 02/12/2025) |
| 02/12/2025 | 107 | ORDER denying 102 Emergency MOTION *Requesting Ruling by 11am on February 12 for Permission to Continue Withholding FEMA and Other Funding*; and, denying as moot 103 Supplemental MOTION *Requesting Permission to Continue Payment Review Processes*. So Ordered by Chief Judge John J. McConnell, Jr. on 2/12/2025. (Jackson, Ryan) (Main Document 107 replaced on 2/12/2025: corrected typographical error) (Jackson, Ryan). (Entered: 02/12/2025) |
| 02/12/2025 | 108 | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit re: 98 Notice of Appeal. Unrestricted Documents Sent: 107. (Attachments: # 1 Record on Appeal) (Gonzalez Gomez, Viviana) (Entered: 02/12/2025) |
| 02/12/2025 | 109 | MOTION for Leave to File Amicus Brief filed by Rubin Young. **Responses due by 2/26/2025.** (Simoncelli, Michael) (Entered: 02/12/2025) |
| 02/12/2025 | | TEXT ORDER denying 109 Motion for Leave to File Amicus Brief. So Ordered by Chief Judge John J. McConnell, Jr. on 2/12/2025. (Simoncelli, Michael) (Entered: |

| | | |
|---|---|---|
| | | 02/12/2025) |
| 02/12/2025 | 110 | MOTION for Leave to File Amicus Brief filed by American Center for Law and Justice. **Responses due by 2/26/2025.** (Attachments: # 1 Supporting Memorandum in Support of Defendants)(Bell, Brandon) (Entered: 02/12/2025) |
| 02/12/2025 | 111 | ORDER denying 100 Motion to Stay Pending Appeal. So Ordered by Chief Judge John J. McConnell, Jr. on 2/12/2025. (Jackson, Ryan) (Entered: 02/12/2025) |
| 02/12/2025 | 112 | Supplemental Record on Appeal transmitted to U.S. Court of Appeals for the First Circuit. 98 Notice of Appeal. Unrestricted Documents Sent: 111. (Attachments: # 1 Supplemental Record on Appeal)(Simoncelli, Michael) (Entered: 02/12/2025) |
| 02/12/2025 | 113 | RESPONSE In Opposition to 67 MOTION for Preliminary Injunction filed by All Defendants. **Replies due by 2/19/2025.** (Schwei, Daniel) (Entered: 02/12/2025) |
| 02/13/2025 | 114 | AMENDED COMPLAINT against All Defendants, filed by All Plaintiffs. (Attachments: # 1 Exhibit Exhibits A−I)(Smith, Turner) Modified on 2/13/2025 to correct docket text. (Simoncelli, Michael). (Entered: 02/13/2025) |
| 02/13/2025 | | TEXT ORDER denying 110 Motion for Leave to File Amicus Brief. The Court is not accepting any amicus briefs in this case. The issues before the Court are legal questions, not political, and both sides of the dispute are well represented. So Ordered by Chief Judge John J. McConnell, Jr. on 2/13/2025. (Simoncelli, Michael) (Entered: 02/13/2025) |
| 02/13/2025 | 115 | MOTION for Robert Henry Weaver to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2099021 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/13/2025) |
| 02/13/2025 | 116 | MOTION for Laura Crittenden Tipton to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2099026 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/13/2025) |
| 02/13/2025 | 117 | MOTION for Steven Travis Mayo to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2099032 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/13/2025) |
| 02/13/2025 | 118 | MOTION for Taylor Payne to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2099034 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/13/2025) |
| 02/13/2025 | | TEXT ORDER granting 115 Motion to Appear Pro Hac Vice of Robert Henry Weaver. So Ordered by Chief Judge John J. McConnell, Jr. on 2/13/2025. (Hill, Cherelle) (Entered: 02/13/2025) |
| 02/13/2025 | | TEXT ORDER granting 116 Motion to Appear Pro Hac Vice of Laura Crittenden Tipton. So Ordered by Chief Judge John J. McConnell, Jr. on 2/13/2025. (Hill, Cherelle) (Entered: 02/13/2025) |
| 02/13/2025 | | TEXT ORDER granting 117 Motion to Appear Pro Hac Vice of Steven Travis Mayo. So Ordered by Chief Judge John J. McConnell, Jr. on 2/13/2025. (Hill, Cherelle) (Entered: 02/13/2025) |
| 02/13/2025 | | TEXT ORDER granting 118 Motion to Appear Pro Hac Vice of Taylor Payne. So Ordered by Chief Judge John J. McConnell, Jr. on 2/13/2025. (Hill, Cherelle) (Entered: 02/13/2025) |

| | | |
|---|---|---|
| 02/13/2025 | 119 | MOTION for Chris Pappavaselio to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2099096 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/13/2025) |
| 02/13/2025 | 120 | MOTION for Julia E. Jonas−Day to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2099115 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/13/2025) |
| 02/13/2025 | | NOTICE of Hearing on 67 MOTION for Preliminary Injunction: Motion Hearing (in person) *scheduled for Friday 2/21/2025 at 1:30 PM in Courtroom 1* before Chief Judge John J. McConnell, Jr.; a remote viewing option will be made available for the public and information on that will be available on the Court's website at  (Jackson, Ryan) (Entered: 02/13/2025) |
| 02/13/2025 | | TEXT ORDER granting 119 Motion to Appear Pro Hac Vice of Chris Pappavaselio. So Ordered by Chief Judge John J. McConnell, Jr. on 2/13/2025. (Hill, Cherelle) (Entered: 02/13/2025) |
| 02/13/2025 | | TEXT ORDER granting 120 Motion to Appear Pro Hac Vice of Julia Jonas−Day. So Ordered by Chief Judge John J. McConnell, Jr. on 2/13/2025. (Hill, Cherelle) (Entered: 02/13/2025) |
| 02/14/2025 | 121 | JUDGMENT of the U.S. Court of Appeals for the First Circuit entered as to 98 Notice of Appeal, filed by U.S. Department of Energy, Scott Bessent, U.S. Department of Labor, U.S. Environmental Protection Agency, U.S. Federal Emergency Management Agency, U.S. Department of Health and Human Services, Sethuraman Panchanathan, The National Science Foundation, U.S. Department of the Treasury, U.S. Department of Homeland Security, Judith Kaleta, Donald Trump, Vince Micone, Patricia Collins, U.S. Department of Transportation, U.S. Office of Management and Budget, U.S. Department of Education, Kristi Noem, U.S. Department of Justice, James R McHenry, III, Ingrid Kolb, Dorothy A Fink, James Payne, Denise Carter, Matthew Vaeth, Cameron Hamilton. JUDGMENT entered voluntarily dismissed pursuant to Fed. R. App. P. 42(b)(2) with each party to bear its own costs. [25−1138] (Gonzalez Gomez, Viviana) (Entered: 02/14/2025) |
| 02/14/2025 | | DOCKET NOTE: Received a duplicate copy of a MOTION for Leave to File Amicus Brief filed by Rubin Young ECF 109 (Hill, Cherelle) (Entered: 02/14/2025) |
| 02/14/2025 | 122 | MANDATE of the U.S. Court of Appeals for the First Circuit issued as to and in accordance with 98 Notice of Appeal, filed by U.S. Department of Energy, Scott Bessent, U.S. Department of Labor, U.S. Environmental Protection Agency, U.S. Federal Emergency Management Agency, U.S. Department of Health and Human Services, Sethuraman Panchanathan, The National Science Foundation, U.S. Department of the Treasury, U.S. Department of Homeland Security, Judith Kaleta, Donald Trump, Vince Micone, Patricia Collins, U.S. Department of Transportation, U.S. Office of Management and Budget, U.S. Department of Education, Kristi Noem, U.S. Department of Justice, James R McHenry, III, Ingrid Kolb, Dorothy A Fink, James Payne, Denise Carter, Matthew Vaeth, Cameron Hamilton. [25−1138] (Gonzalez Gomez, Viviana) (Entered: 02/14/2025) |
| 02/14/2025 | 123 | MOTION for Leave to File Amicus Brief filed by Cody R. Hart, Derrill J. Fussell. **Responses due by 2/28/2025.** (Attachments: # 1 Amici Curiae Brief, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Memorandum in Support, # 8 Declaration of Service, # 9 Envelope)(Hill, Cherelle) (Attachment 3 replaced on 2/14/2025) (Hill, Cherelle). (Attachment 4 replaced on 2/14/2025) (Hill, Cherelle). |

| | | (Entered: 02/14/2025) |
|---|---|---|
| 02/14/2025 | 124 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 125 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 126 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 127 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 128 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 129 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 130 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 131 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 132 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 133 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 134 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 135 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 136 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 137 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 138 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 139 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 140 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 141 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 142 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |

| 02/14/2025 | 143 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
|---|---|---|
| 02/14/2025 | 144 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 145 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 146 | Summons Request filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/14/2025) |
| 02/14/2025 | 147 | REPLY to Response re 113 Response to Motion filed by All Plaintiffs. (Muqaddam, Rabia) (Entered: 02/14/2025) |
| 02/18/2025 | | TEXT ORDER denying 123 Motion for Leave to File Amicus Brief: The Court is not accepting Amici briefs in this case while both sides are adequately represented in this legal matter. So Ordered by Chief Judge John J. McConnell, Jr. on 2/18/2025. (Jackson, Ryan) (Entered: 02/18/2025) |
| 02/18/2025 | 148 | Summons Issued as to Jennifer Bastress Tahmasebi, Douglas Collins, Corporation for National and Community Service, Douglas Burgum, Gary Washington, Peter Hegseth, Michelle King, National Aeronautics and Space Administration, Jeremy Pelter, Janet Petro, Marco Rubio, Scott Turner, U.S. Agency for International Development, U.S. Department of Agriculture, U.S. Department of Commerce, U.S. Department of Defense, U.S. Department of Housing and Urban Development, U.S. Department of State, U.S. Department of Veterans Affairs, U.S. Department of the Interior, U.S. Small Business Administration, U.S. Social Security Administration, Everett Woodel. (Attachments: # 1 Summons Issued as to Corporation for National and Community Service, # 2 Summons Issued as to U.S. Department of Commerce, # 3 Summons Issued as to D. Collins, # 4 Summons Issued as to U.S. Department of Defense, # 5 Summons Issued as to U.S. Department of the Interior, # 6 Summons Issued as to U.S. Department of Veterans Affairs, # 7 Summons Issued as to P. Hegseth, # 8 Summons Issued as to U.S. Department of Housing and Urban Development, # 9 Summons Issued as to M. King, # 10 Summons Issued as to N.A.S.A., # 11 Summons Issued as to J. Pelter, # 12 Summons Issued as to J. Petro, # 13 Summons Issued as to M. Rubio, # 14 Summons Issued as to U.S. Small Business Administration, # 15 Summons Issued as to U.S. Social Security Administration, # 16 Summons Issued as to U.S. Department of State, # 17 Summons Issued as to J. Bastress Tahmasebi, # 18 Summons Issued as to S. Turner, # 19 Summons Issued as to U.S. Agency for International Development, # 20 Summons Issued as to U.S. Department of Agriculture, # 21 Summons Issued as to G. Washington, # 22 Summons Issued as to E. Woodel) (Gonzalez Gomez, Viviana) (Entered: 02/18/2025) |
| 02/19/2025 | 149 | MOTION for Vanessa A. Arslanian to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2100707 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/19/2025) |
| 02/19/2025 | 150 | MOTION for Nathaniel James Hyman to Appear Pro Hac Vice ( filing fee paid $ 100.00, receipt number ARIDC−2100708 ) filed by State of Rhode Island. (Giarrano, Leonard) (Entered: 02/19/2025) |
| 02/19/2025 | | TEXT ORDER: For Friday's hearing (2/21/2025) on the Preliminary Injunction motion (ECF No. 67), the following schedule will be followed: Plaintiffs shall have up to one hour for presentation, Defendants will then have up to one hour for |

| | | |
|---|---|---|
| | | presentation, and then Plaintiffs will have up to 15 minutes for rebuttal. The hearing will begin at 1:30 p.m. EST and the Court will take a break from 3:30 p.m. to 3:45 p.m. EST. So Ordered by Chief Judge John J. McConnell, Jr. on 2/19/2025. (Jackson, Ryan) (Entered: 02/19/2025) |
| 02/19/2025 | | TEXT ORDER granting 149 Motion to Appear Pro Hac Vice of Vanessa A. Arslanian. So Ordered by Chief Judge John J. McConnell, Jr. on 2/19/2025. (Hill, Cherelle) (Entered: 02/19/2025) |
| 02/19/2025 | | TEXT ORDER granting 150 Motion to Appear Pro Hac Vice of Nathaniel James Hyman. So Ordered by Chief Judge John J. McConnell, Jr. on 2/19/2025. (Hill, Cherelle) (Entered: 02/19/2025) |
| 02/20/2025 | 151 | MOTION for Reconsideration re Order on Motion to Intervene *(ECF 60)*, MOTION for Leave to File Amicus Brief filed by Arthur West. **Responses due by 3/6/2025.** (Attachments: # 1 Exhibit − Governor Josh Green, M.D. Office of the Governor − News Release, # 2 Exhibit − Washington State Office of the Attorney General − Statement, # 3 Exhibit − FAA−2024−2006 SpaceX Revised EA Public Comment, # 4 Exhibit − Order Denying Intervention and Granting Amicus Status in CVH 2023 0069, # 5 Exhibit − National League of Legislatures Motion, # 6 Exhibit − Senate Bill Report SB 5436 Law OC 25, # 7 Email)(Gonzalez Gomez, Viviana) (Entered: 02/20/2025) |
| 02/20/2025 | 152 | NOTICE of Appearance by Heidi Parry Stern on behalf of State of Nevada (Stern, Heidi) (Entered: 02/20/2025) |
| 02/21/2025 | | TEXT ORDER denying 151 Motion for Reconsideration ; denying 151 Motion for Leave to File Amicus Brief: The Court is not accepting amici in this case; the issues and parties are well represented. So Ordered by Chief Judge John J. McConnell, Jr. on 2/21/2025. (Jackson, Ryan) (Entered: 02/21/2025) |
| 02/21/2025 | | Minute Entry for proceedings held before Chief Judge John J. McConnell, Jr.: Motion Hearing held on 2/21/2025 re: 67 MOTION for Preliminary Injunction filed by State of NY, et al. Counsel present and arguing: S. Rice, R. Muqaddam; D. Schwei. Other counsel present: K. Sabatini; L. Faer and C. Chuang (via Zoom); M. Thomas−Jensen; A. Hemmer; T. McCombs; T. Smith; M. Myers; L. Giarrano; V. Arslanian; K. Dirks. States/Plaintiffs (S. Rice) argue its Motion for Preliminary Injunction. Court questions counsel throughout. States/Plaintiffs (R. Muqaddam) continue their argument and are further questioned by the Court. Defendants (Schwei) argue their objection to the Motion; Court questions counsel throughout. States/Plaintiffs (S. Rice) makes brief Reply argument. Court reiterates that the previously entered TRO is still in full force and effect. Court takes the Motion for Preliminary Injunction under advisement. Adjourned. (Court Reporter Denise Webb in Courtroom 1 at 1:30 PM) (Jackson, Ryan) Modified Text on 2/24/2025 (Hill, Cherelle). (Entered: 02/21/2025) |
| 02/23/2025 | 153 | TRANSCRIPT ORDER for proceedings held on 2/21/2025 before Judge Chief Judge McConnell. Daily Transcript selected. Transcript to be delivered following adjournment and prior to the normal opening hour of court on the following morning.. (Schwei, Daniel) (Entered: 02/23/2025) |
| 02/24/2025 | 154 | MOTION for Leave to File Amicus Brief filed by Anne Armstrong. **Responses due by 3/10/2025.** (Attachments: # 1 Proposed Amicus Brief, # 2 Email)(Gonzalez Gomez, Viviana) (Entered: 02/24/2025) |
| 02/24/2025 | 155 | |

| | | |
|---|---|---|
| | | TRANSCRIPT ORDER ACKNOWLEDGMENT Entered re: 153 Transcript Order,. Daily Transcript Ordered. Court Reporter/Transcriber: Denise Webb. (Dias, Jennifer) (Entered: 02/24/2025) |
| 02/24/2025 | | TEXT ORDER denying 154 Motion for Leave to File Amicus Brief filed by Anne Armstrong: The Court is not accepting any amicus briefs in this matter. So Ordered by Chief Judge John J. McConnell, Jr. on 2/24/2025. (Jackson, Ryan) (Entered: 02/24/2025) |
| 02/24/2025 | 156 | TRANSCRIPT ORDER for proceedings held on 2/21/2025 before Judge Chief Judge John J. McConnell, Jr.. Daily Transcript selected. Transcript to be delivered following adjournment and prior to the normal opening hour of court on the following morning.. (Giarrano, Leonard) (Entered: 02/24/2025) |
| 02/25/2025 | 157 | TRANSCRIPT ORDER for proceedings held on 02/21/2025 before Chief Judge John J. McConnell, Jr. Daily Transcript selected. Transcript to be delivered following adjournment and prior to the normal opening hour of court on the following morning. (Attachments: # 1 Email)(Hill, Cherelle) (Entered: 02/25/2025) |
| 02/25/2025 | 158 | AFFIDAVIT of Service, filed by State of Rhode Island for complaint Jennifer Bastress Tahmasebi served on 2/19/2025, answer due 4/21/2025; Scott Bessent served on 2/19/2025, answer due 4/21/2025; Denise Carter served on 2/19/2025, answer due 4/21/2025; Douglas Collins served on 2/19/2025, answer due 4/21/2025; Patricia Collins served on 2/19/2025, answer due 4/21/2025; Corporation for National and Community Service served on 2/19/2025, answer due 4/21/2025; Douglas Burgum served on 2/19/2025, answer due 4/21/2025; Dorothy A Fink served on 2/19/2025, answer due 4/21/2025; Gary Washington served on 2/19/2025, answer due 4/21/2025; Cameron Hamilton served on 2/19/2025, answer due 4/21/2025; Peter Hegseth served on 2/19/2025, answer due 4/21/2025; Judith Kaleta served on 2/19/2025, answer due 4/21/2025; Michelle King served on 2/19/2025, answer due 4/21/2025; Ingrid Kolb served on 2/19/2025, answer due 4/21/2025; James R McHenry, III served on 2/19/2025, answer due 4/21/2025; Vince Micone served on 2/19/2025, answer due 4/21/2025; National Aeronautics and Space Administration served on 2/19/2025, answer due 4/21/2025; Kristi Noem served on 2/19/2025, answer due 4/21/2025; Sethuraman Panchanathan served on 2/19/2025, answer due 4/21/2025; James Payne served on 2/19/2025, answer due 4/21/2025; Jeremy Pelter served on 2/19/2025, answer due 4/21/2025; Janet Petro served on 2/19/2025, answer due 4/21/2025; Marco Rubio served on 2/19/2025, answer due 4/21/2025; The National Science Foundation served on 2/19/2025, answer due 4/21/2025; Donald Trump served on 2/19/2025, answer due 4/21/2025; Scott Turner served on 2/19/2025, answer due 4/21/2025; U.S. Agency for International Development served on 2/19/2025, answer due 4/21/2025; U.S. Department of Agriculture served on 2/19/2025, answer due 4/21/2025; U.S. Department of Commerce served on 2/19/2025, answer due 4/21/2025; U.S. Department of Defense served on 2/19/2025, answer due 4/21/2025; U.S. Department of Education served on 2/19/2025, answer due 4/21/2025; U.S. Department of Energy served on 2/19/2025, answer due 4/21/2025; U.S. Department of Health and Human Services served on 2/19/2025, answer due 4/21/2025; U.S. Department of Homeland Security served on 2/19/2025, answer due 4/21/2025; U.S. Department of Housing and Urban Development served on 2/19/2025, answer due 4/21/2025; U.S. Department of Justice served on 2/19/2025, answer due 4/21/2025; U.S. Department of Labor served on 2/19/2025, answer due 4/21/2025; U.S. Department of State served on 2/19/2025, answer due 4/21/2025; U.S. Department of Transportation served on 2/19/2025, answer due 4/21/2025; U.S. Department of |

| | | |
|---|---|---|
| | | Veterans Affairs served on 2/19/2025, answer due 4/21/2025; U.S. Department of the Interior served on 2/19/2025, answer due 4/21/2025; U.S. Department of the Treasury served on 2/19/2025, answer due 4/21/2025; U.S. Environmental Protection Agency served on 2/19/2025, answer due 4/21/2025; U.S. Federal Emergency Management Agency served on 2/19/2025, answer due 4/21/2025; U.S. Office of Management and Budget served on 2/19/2025, answer due 4/21/2025; U.S. Small Business Administration served on 2/19/2025, answer due 4/21/2025; U.S. Social Security Administration served on 2/19/2025, answer due 4/21/2025; Matthew Vaeth served on 2/19/2025, answer due 4/21/2025; Everett Woodel served on 2/19/2025, answer due 4/21/2025. (Attachments: # 1 Affidavit)(Giarrano, Leonard) (Entered: 02/25/2025) |
| 02/25/2025 | 159 | NOTICE by State of Delaware, District of Columbia, State of Hawaii, State of Maine, State of Maryland, State of Michigan, State of Minnesota, State of Nevada, State of North Carolina, State of New Mexico, State of New York, State of Oregon, State of Vermont, State of Washington, State of Wisconsin, State of California, State of Illinois, State of Rhode Island, State of New Jersey, Office of the Governor of Kentucky ex rel. Andy Beshear, Commonwealth of Massachusetts, State of Arizona, State of Colorado, State of Connecticut *of Supplemental Authority* (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Hemmer, Alex) (Entered: 02/25/2025) |
| 02/28/2025 | 160 | Second MOTION to Enforce re: 50 Order on Motion for TRO filed by All Plaintiffs. **Responses due by 3/14/2025.** (Attachments: # 1 Affidavit Affirmation of Theodore McCombs)(Faer, Laura) (Entered: 02/28/2025) |
| 03/04/2025 | | TEXT ORDER: Defendant shall file a response on or before March 7th, 2025 re: 160 Second MOTION to Enforce re: 50 Order on Motion for TRO. So Ordered by Chief Judge John J. McConnell, Jr. on 3/4/2025. (Jackson, Ryan) (Entered: 03/04/2025) |
| 03/05/2025 | | TEXT ORDER Vacating this Court's Text Order dated 3/4/2025. No Further filings should be made re: 160 Second MOTION to Enforce re: 50 Order on Motion for TRO at this time. So Ordered by Chief Judge John J. McConnell, Jr. on 3/5/2025. (Jackson, Ryan) (Entered: 03/05/2025) |
| 03/06/2025 | 161 | MEMORANDUM AND ORDER granting 67 Motion for Preliminary Injunction; denying as moot 160 Second MOTION to Enforce re: 50 Order on TRO; and, denying the Defendants' request to stay this Order pending appeal to the First Circuit. Defendant Federal Emergency Management Agency ("FEMA") shall file a status report on or before 3/14/2025, informing the Court of the status of their compliance with this order. So Ordered by Chief Judge John J. McConnell, Jr. on 3/6/2025. (Jackson, Ryan) (Entered: 03/06/2025) |
| 03/06/2025 | | TEXT ORDER: Pursuant to Fed. R. Civ. P. 25(d), Robert F. Kennedy, Jr. has been substituted for Dorothy A. Fink, MD as Secretary of the Department of Health and Human Services. So Ordered by Chief Judge John J. McConnell, Jr. on 3/6/2025. (Simoncelli, Michael) (Entered: 03/06/2025) |
| 03/06/2025 | | TEXT ORDER: Pursuant to Fed. R. Civ. P. 25(d), Linda McMahon has been substituted for Denise Carter as Secretary of the Department of Education. So Ordered by Chief Judge John J. McConnell, Jr. on 3/6/2025. (Simoncelli, Michael) (Entered: 03/06/2025) |
| 03/06/2025 | | TEXT ORDER: Pursuant to Fed. R. Civ. P. 25(d), Brooke Rollins has been substituted for Gary Washington as Secretary of the Department of Agriculture. So Ordered by Chief Judge John J. McConnell, Jr. on 3/6/2025. (Simoncelli, Michael) (Entered: 03/06/2025) |

| 03/06/2025 | | TEXT ORDER: Pursuant to Fed. R. Civ. P. 25(d), Howard Lutnick has been substituted for Jeremy Pelter as Secretary of the Department of Commerce. So Ordered by Chief Judge John J. McConnell, Jr. on 3/6/2025. (Simoncelli, Michael) (Entered: 03/06/2025) |
|---|---|---|
| 03/06/2025 | | TEXT ORDER: Pursuant to Fed. R. Civ. P. 25(d), Leland Dudek has been substituted for Michelle King as Acting Commissioner of the Social Security Administration. So Ordered by Chief Judge John J. McConnell, Jr. on 3/6/2025. (Simoncelli, Michael) (Entered: 03/06/2025) |
| 03/06/2025 | | TEXT ORDER: Pursuant to Fed. R. Civ. P. 25(d), Kelly Loeffler has been substituted for Everett Woodel as Administrator of the Small Business Administration. So Ordered by Chief Judge John J. McConnell, Jr. on 3/6/2025. (Simoncelli, Michael) (Entered: 03/06/2025) |
| 03/10/2025 | 162 | NOTICE OF APPEAL by Donald Trump, U.S. Office of Management and Budget, Matthew Vaeth, U.S. Department of the Treasury, Scott Bessent, Patricia Collins, U.S. Department of Health and Human Services, U.S. Department of Education, U.S. Federal Emergency Management Agency, Cameron Hamilton, U.S. Department of Transportation, Judith Kaleta, U.S. Department of Labor, Vince Micone, U.S. Department of Energy, Ingrid Kolb, U.S. Environmental Protection Agency, James Payne, U.S. Department of Homeland Security, Kristi Noem, U.S. Department of Justice, James R McHenry, III, The National Science Foundation, Sethuraman Panchanathan, Lee Michael Zeldin, Christopher Allen Wright, Sean P. Duffy, Russell Vought, U.S. Department of the Interior, Douglas Burgum, Pamela Bondi, U.S. Department of Agriculture, U.S. Department of Housing and Urban Development, Scott Turner, U.S. Department of State, Marco Rubio, U.S. Agency for International Development, U.S. Department of Defense, Peter Hegseth, U.S. Department of Veterans Affairs, Douglas Collins, U.S. Department of Commerce, National Aeronautics and Space Administration, Janet Petro, Corporation for National and Community Service, Jennifer Bastress Tahmasebi, U.S. Social Security Administration, U.S. Small Business Administration, Robert F. Kennedy, Jr., Linda McMahon, Brooke Rollins, Howard Lutnick, Leland C. Dudek, Kelly Loeffler as to 161 Order on Motion for Preliminary Injunction,,, Order on Motion for Miscellaneous Relief,, (No fee paid, USA, Waived by Statute, or IFP.) **NOTICE TO COUNSEL: Counsel should register for a First Circuit CM/ECF Appellate Filer Account at http://pacer.psc.uscourts.gov/cmecf/. Counsel should also review the First Circuit requirements for electronic filing by visiting the CM/ECF Information section at  http://www.ca1.uscourts.gov/cmecf** Appeal Record due by 3/17/2025. (Schwei, Daniel) (Entered: 03/10/2025) |

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| STATE OF NEW YORK, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:25-cv-39 (JJM) |
| DONALD TRUMP, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE UNITED STATES, *et al.*, | |
| Defendants. | |

## <u>DEFENDANTS' NOTICE OF APPEAL</u>

PLEASE TAKE NOTICE that Defendants hereby appeal to the United States

Court of Appeals for the First Circuit from this Court's preliminary injunction, as set

forth in the Memorandum and Order dated March 6, 2025 and docketed at ECF

No. 161.


Dated: March 10, 2025              Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

*/s/ Daniel Schwei*
DANIEL SCHWEI
Special Counsel (N.Y. Bar)
ANDREW F. FREIDAH
EITAN R. SIRKOVICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch

-1-

1100 L Street NW
Washington, DC 20530
Tel.:    (202) 305-8693
Fax:    (202) 616-8460
Email:    daniel.s.schwei@usdoj.gov

*Counsel for Defendants*

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on March 10, 2025, I electronically filed the within Certification with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System, thereby serving it on all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 305.


<u>/s/ *Daniel Schwei*  </u>
Daniel Schwei

-3-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____

STATE OF NEW YORK; STATE OF          )
CALIFORNIA; STATE OF                 )
ILLINOIS; STATE OF RHODE             )
ISLAND; STATE OF NEW JERSEY;         )
COMMONWEALTH OF                      )
MASSACHUSETTS; STATE OF              )
ARIZONA; STATE OF COLORADO;          )
STATE OF CONNECTICUT; STATE          )
OF DELAWARE; THE DISTRICT            )
OF COLUMBIA; STATE OF                )
HAWAII; OFFICE OF THE                )
GOVERNOR *ex rel.* Andy Beshear, in  )
his official capacity as Governor of )
the COMMONWEALTH OF                  )
KENTUCKY; STATE OF MAINE;            )
STATE OF MARYLAND; STATE OF          )
MICHIGAN; STATE OF                   )
MINNESOTA; STATE OF NEVADA;          )
STATE OF NEW MEXICO; STATE           )
OF NORTH CAROLINA; STATE OF          )    C.A. No. 25-cv-39-JJM-PAS
OREGON; STATE OF VERMONT;            )
STATE OF WASHINGTON; and             )
STATE OF WISCONSIN,                  )
                                     )
        Plaintiffs,                  )
v.                                   )
                                     )
DONALD TRUMP, in his official        )
capacity as President of the United  )
States; U.S. OFFICE OF               )
MANAGEMENT AND BUDGET;               )
RUSSELL VOUGHT, in his official      )
capacity as Director of the U.S. Office )
of Management and Budget; U.S.       )
DEPARTMENT OF THE                    )
TREASURY; SCOTT BESSENT, in          )
his official capacity as Secretary of )
the Treasury; PATRICIA COLLINS,      )
in her official capacity as Treasurer )
of the United States; U.S.           )
_____      )

59

DEPARTMENT OF HEALTH AND )
HUMAN SERVICES; ROBERT F. )
KENNEDY, JR., in his official )
capacity as Secretary of Health and )
Human Services; U.S. )
DEPARTMENT OF EDUCATION; )
LINDA MCMAHON, in her official )
capacity as Secretary of Education; )
U.S. DEPARTMENT OF )
TRANSPORTATION; SEAN DUFFY, )
in his official capacity as Secretary of )
Transportation; U.S. DEPARTMENT )
OF LABOR; VINCE MICONE, in his )
official capacity as Acting Secretary )
of Labor; U.S. DEPARTMENT OF )
ENERGY; CHRIS WRIGHT, in his )
official capacity as Secretary of )
Energy; U.S. ENVIRONMENTAL )
PROTECTION AGENCY; LEE )
ZELDIN, in his official capacity as )
Administrator of the U.S. )
Environmental Protection Agency; )
U.S. DEPARTMENT OF THE )
INTERIOR; DOUG BURGUM, in his )
official capacity as Secretary of the )
Interior; U.S. DEPARTMENT OF )
HOMELAND SECURITY; KRISTI )
NOEM, in her capacity as Secretary )
of Homeland Security; U.S. )
DEPARTMENT OF JUSTICE; )
PAMELA BONDI, in her official )
capacity as Attorney General of the )
U.S. Department of Justice; THE )
NATIONAL SCIENCE )
FOUNDATION; DR. SETHURAMAN )
PANCHANATHAN, in his capacity )
as Director of the National Science )
Foundation; U.S. DEPARTMENT OF )
AGRICULTURE; BROOKE )
ROLLINS, in her official capacity as )
Secretary of Agriculture; U.S. )
DEPARTMENT OF HOUSING AND )
URBAN DEVELOPMENT; SCOTT )
TURNER, in his official capacity as )

2

Secretary of Housing and Urban )
Development; U.S. DEPARTMENT )
OF STATE; U.S. AGENCY FOR )
INTERNATIONAL )
DEVELOPMENT; MARCO RUBIO, )
in his official capacities as Secretary )
of State and Acting Administrator of )
the United States Agency for )
International Development; U.S. )
DEPARTMENT OF DEFENSE; )
PETER HEGSETH, in his official )
capacity as Secretary of Defense; U.S. )
DEPARTMENT OF VETERANS )
AFFAIRS; DOUG COLLINS, in his )
official capacity as Secretary of )
Veterans Affairs; U.S. )
DEPARTMENT OF COMMERCE; )
HOWARD LUTNICK, in his official )
capacity as Secretary of Commerce; )
NATIONAL AERONAUTICS AND )
SPACE ADMINISTRATION; JANET )
PETRO in her official capacity as )
Acting Administrator of National )
Aeronautics and Space )
Administration; CORPORATION )
FOR NATIONAL AND )
COMMUNITY SERVICE; )
JENNIFER BASTRESS )
TAHMASEBI, in her official capacity )
as Interim Head of the Corporation )
for National and Community Service; )
U.S. SOCIAL SECURITY )
ADMINISTRATION; LELAND )
DUDEK, in his official capacity as )
Acting Commissioner of United )
States Social Security )
Administration; U.S. SMALL )
BUSINESS ADMINISTRATION; and )
KELLY LOEFFLER, in her official )
capacity as Administrator of U.S. )
Small Business Administration, )
 )
        Defendants. )

3

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., United States District Chief Judge.

The Executive's categorical freeze of appropriated and obligated funds fundamentally undermines the distinct constitutional roles of each branch of our government. The interaction of the three co-equal branches of government is an intricate, delicate, and sophisticated balance—but it is crucial to our form of constitutional governance. Here, the Executive put itself above Congress. It imposed a categorical mandate on the spending of congressionally appropriated and obligated funds without regard to Congress's authority to control spending. Federal agencies and departments can spend, award, or suspend money based only on the power Congress has given to them–they have no other spending power. The Executive has not pointed to any constitutional or statutory authority that would allow them to impose this type of categorical freeze. The Court is not limiting the Executive's discretion or micromanaging the administration of federal funds. Rather, consistent with the Constitution, statutes, and caselaw, the Court is simply holding that the Executive's discretion to impose its own policy preferences on appropriated funds can be exercised only if it is authorized by the congressionally approved appropriations statutes. Accordingly, based on these principles and the reasons stated below, the Court grants the States' Motion for Preliminary Injunction. ECF No. 67.

## I.    BACKGROUND

We begin by restating the American government principles learned during critical civics education lessons in our youth.[1]  Our founders, after enduring an eight-year war against a monarch's cruel reign from an ocean away, understood too well the importance of a more balanced approach to governance.  They constructed three co-equal branches of government, each tasked with their own unique duties, but with responsibilities over the other branches as a check in order to ensure that no branch overstepped their powers, upsetting the balance of the fledgling constitutional republic.  *See Kilbourn v. Thompson*, 103 U.S. 168, 191 (1880).  These concepts of "checks and balances" and "separation of powers" have been the lifeblood of our government, hallmarks of fairness, cooperation, and representation that made the orderly operation of a society made up of a culturally, racially, and socioeconomically diverse people possible.

The three branches of our government—Legislative, Executive, and Judicial—derive their power from the United States Constitution; they function together, and one branch's power does not supersede that of another.  "To the legislative department has been committed the duty of making laws; to the executive the duty

---

[1] "This is what it all comes down to: we may choose to survive as a country by respecting our Constitution, the laws and norms of political and civic behavior, and by educating our children on civics, the rule of law, and what it really means to be an American, and what America means. Or, we may ignore these things at our . . . peril."  *A.C. v. Raimondo*, 494 F. Supp. 3d 170, 181 (D.R.I. 2020), aff'd sub nom. *A.C. by Waithe v. McKee*, 23 F.4th 37 (1st Cir. 2022).

of executing them; and to the judiciary the duty of interpreting and applying them in cases properly brought before the courts." *Massachusetts v. Mellon*, 262 U.S. 447, 488 (1923); *see also Wayman v. Southard*, 23 U.S. (10 Wheat.) 1, 46 (1825) (Marshall, C.J.) ("[T]he legislature makes, the executive executes, and the judiciary construes the law"). Importantly, James Madison wrote that this system prevents "[t]he accumulation of all powers, legislative, executive, and judiciary, in the same hands." The Federalist No. 47, at 301 (C. Rossiter ed. 1961). Such an accumulation and concentration of power would pose an inherent "threat to liberty." *Clinton v. City of New York*, 524 U.S. 417, 450 (1998) (Kennedy, J., concurring).

The Legislative branch, consisting of two Houses of Congress elected by the citizens of the states, has the power to levy taxes, finance government operations through appropriations, and to set the terms and conditions on the use of those appropriations. U.S. Const. art. I, §§ 8, 9. Congress also makes laws, and the Constitution prescribes a specific procedure for it to follow involving the agreement of both the House of Representatives and the Senate and presentment of the final bill to the President for signature or veto. U.S. Const. art. I, §§ 1, 7. The President, as head of the Executive Branch, may recommend laws for Congress's consideration, including those related to spending. U.S. Const. art. II, §§ 1, 3. Once the bill becomes the law, U.S. Const. art. I, § 7, the Constitution imposes on the President a duty to "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3. And Article III empowers the Judiciary with the "province and duty ... to say what the law is" in

6

particular cases and controversies. *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137, 177 (1803); U.S. Const. art. III, § 2.

Important to this case is how Congress uses its power to authorize spending to support federal programs and activities. One way is through an appropriation, which creates the legal authority to "make funds available for obligation" and to make "expenditure[s]" for the purposes, during the time periods, and in the amounts specified in the law authorizing the appropriations. *See* 2 U.S.C. § 622(2)(A)(i). An "obligation" is a "definite commitment that creates a legal liability of the government for the payment of goods and services ordered or received, or a legal duty on the part of the United States that could mature into" such a liability; an "expenditure," also known as a "disbursement," is the actual spending of federal funds. U.S. Gov't Accountability Off., A Glossary of Terms Used in the Federal Budget Process, GAO-05-734SP, at 45, 48, 70 (Sept. 2005), https://www.gao.gov/assets/gao-05-734sp.pdf ("Budget Glossary").

Congress has enacted multiple statutes that affirm its control over federal spending. First, the "purpose statute," 31 U.S.C. § 1301(a), states that "[a]ppropriations shall be applied only to the objects for which the appropriations were made except as otherwise provided by law,"—that is, funds can be used only for the purposes that Congress has designated. Second, the Antideficiency Act prevents agencies from obligating or spending funds absent congressional appropriation. 31 U.S.C. § 1341. Finally, the Congressional Budget and Impoundment Control Act of 1974, 2 U.S.C. §§ 681 et seq. ("ICA"), permits the Executive Branch to "impound" (or

decline to spend) federal funds only under a very small set of highly circumscribed conditions.

This case also involves the actions of agencies in receipt of statutorily appropriated federal funding. "When an executive agency administers a federal statute, the agency's power to act is 'authoritatively prescribed by Congress.'" *City of Providence v. Barr*, 954 F.3d 23, 31 (1st Cir. 2020) (quoting *City of Arlington v. FCC*, 569 U.S. 290, 297 (2013)). "It is no exaggeration to say that 'an agency literally has no power to act ... unless and until Congress confers power upon it.'" *City of Providence*, 954 F.3d at 31 (quoting *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986)). In this case, there are specific statutory provisions instructing federal agencies to provide the States with categorical or formula grants where money is allocated on the basis of enumerated statutory factors such as population or the expenditure of qualifying state funds. ECF No. 114 ¶ 93. Several examples of these formula grants involve funding for Medicaid (42 U.S.C. § 1396(a), highway (23 U.S.C. § 104(a)(1), (b), (c)), special education services (the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 et seq.), for mental health and substance abuse treatment (42 U.S.C. §§ 300x(a), 300x-7(a), 300x-21(a), 300x-33(a)), power and heating for low-income residents, (the Low-Income Home Energy Assistance Program ("LIHEAP"), 42 U.S.C. § 8621(a)), the Infrastructure Improvement and Jobs Act ("IIJA") (Pub. L. No. 117-58, 135 Stat. 429 (2021)) and Inflation Reduction Act ("IRA") (Pub. L. No. 117-169, 136 Stat. 1818 (2022)) for projects ranging from highways, to broadband access, to pollution reduction, to increasing the reliability of the electric

8

grid, and clean water.  These statutes direct the agencies to make grants to states for enumerated purposes in accordance with congressional policies.

With this backdrop, the Court moves to the Executive actions that spurred this lawsuit.

### A.  The President's Executive Orders and OMB Memorandum M-25-13

The President issued a series of Executive Orders ("EOs") in his first eight days of office, directing federal agencies to pause and review funding in connection with his policy priorities—specifically relating to:

- "terminating the Green New Deal" and requiring an immediate pause on disbursement of funds appropriated under the IRA or IIJA ("*Unleashing* EO"), ECF No. 68-1;
- pausing funding programs relating to "removable or illegal aliens" ("*Invasion* EO"), ECF No. 68-3;
- identifying "diversity, equity, inclusion, accessibility" programs, in an effort to "Ending Radical and Wasteful Government DEI Programs and Preferencing" ("*DEI* EO"), ECF No. 68-2;
- ending federal funding of gender ideology ("*Gender* EO"), to ensure that research or educational grants to medical institutions do not include federal funds for transgender medical care ("*Gender-Affirming Care* EO"), ECF Nos. 68-5, 65-8; and
- pausing federal foreign aid that is not in line "with the foreign policy of the President of the United States" ("*Foreign Aid* EO").  ECF No. 68-6.

On January 27, 2025, the Office of Management and Budget's (OMB) Acting Director, Matthew J. Vaeth issued OMB Memorandum M-25-13 ("OMB Directive"), entitled "Temporary Pause of Agency Grant, Loan, and Other Financial Assistance Programs" to executive departments and agencies' heads.  *See* ECF No. 68-9.  The OMB Directive instructed federal agencies to "complete a comprehensive analysis of all of their Federal financial assistance programs to identify programs, projects, and activities that may be implicated by any of the President's executive orders."  *Id.* at 2.

9

Then, the OMB Directive mandated that, in the interim of the comprehensive analyses, "Federal agencies **must temporarily pause** all activities related to obligation or disbursement of all Federal financial assistance, and other relevant agency activities that may be implicated by the Executive Orders, including, but not limited to, financial assistance for foreign aid, nongovernmental organizations, DEI [diversity, equality, and inclusion], woke gender ideology, and the green new deal." *Id.* Agencies had until February 10, 2025 to submit to the OMB "detailed information on any programs, projects, or activities subject to this pause." *Id.* The OMB Directive further noted that the pause would continue "until OMB has reviewed and provided guidance" to the agencies in relation to the information submitted to the OMB. *Id.* The pause was set to "become effective on January 28, 2025, at 5:00 PM." *Id.*

## B. The States' Suit, the OMB Directive's Rescission, and the TRO

On January 28, the "States"—comprising twenty-two states and the District of Columbia—brought suit against the President and the heads of numerous federal executive departments and agencies, arguing that their actions to implement the OMB Directive violated: (1) the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* (Counts I, II); (2) the Separation of Powers (Count III); and the Spending, Presentment, Appropriations, and Take Care Clauses of the U.S. Constitution (Counts IV, V). ECF No. 1. Additionally, the States immediately moved for a temporary restraining order ("TRO") to "restrain the Defendants from enforcing the OMB Directive's directive to 'pause all activities related to obligation or disbursement of all Federal financial assistance.'" ECF No. 3 at 3 (citing OMB Directive at 2). That

same day, the U.S. District Court for the District of Columbia issued an administrative stay on the OMB Directive until it could hold a hearing on a separate motion for a TRO from coalitions of nonprofit organizations. *See Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, No. CV 25-239 (LLA), 2025 WL 314433 (D.D.C. Jan. 28, 2025).

The next day, a hearing for the TRO motion was set for 3:00 p.m. (Hearing Notice Jan. 29, 2025) and the Defendants entered an appearance. ECF No. 39. But shortly before the hearing, the Defendants filed a notice stating that the OMB rescinded the OMB Directive and that the Plaintiffs' claims and request for prospective relief were now moot. ECF No. 43. Nonetheless, the Court preceded with the TRO hearing at the States' request. During the hearing the States argued against mootness, presenting White House Press Secretary Karoline Leavitt's post-rescission announcement on X (formerly Twitter) stating that the federal funding freeze was not rescinded and that the President's EOs remained in full force and effect. *See* Minute Entry Jan. 29, 2025; ECF No. 44; *see also* ECF No. 68-126 (screenshot of the Press Secretary's X announcement). Feeling inclined to grant a TRO based on the evidence before it, the Court requested that the States submit, and the Defendants respond, to a proposed TRO order (Minute Entry Jan. 29, 2025)—a request the parties promptly complied with, *see* ECF Nos. 46, 49.

Based on the Press Secretary's announcement—along with supplemental evidence showing continued enforcement of the OMB Directive—the Court determined that the OMB Directive's rescission was "in name only" and that the

"substantive effect of the directive carries on." ECF No. 50 at 10. Thus, the Court found that the OMB Directive's rescission did not moot the States' claims and ultimately issued a TRO on January 31. *See id.* at 11-12. The TRO provided that the Defendants: "shall not pause, freeze, impede, block, cancel, or terminate [their] compliance with awards and obligations . . . to the States . . . except on the basis of the applicable authorizing statutes, regulations, and terms" and shall be enjoined from "from reissuing, adopting, implementing, or otherwise giving effect to the OMB Directive . . .." *Id.*[2]

### C. TRO Enforcement Order, The Defendants' Appeal, And The Preliminary Injunction Hearing

A few days after the Court issued the TRO, it set an expedited briefing schedule on the States' Motion for a Preliminary Injunction. *See* Text Order, Feb. 3, 2025. Then, on February 6, the Court extended the TRO's duration, for good cause, until it could rule on the preliminary injunction motion. *See* Text Order, Feb. 6, 2025. A day later, the States filed an emergency motion to enforce the TRO, pointing to evidence that their access to federal funds was still being denied.[3] *See* ECF No. 66. Based on the evidence, the Court determined that there were "pauses in funding [that] violate[d] the plain text of the TRO" and granted the States' Motion, ordering the

---

[2] The Court later issued an order on February 10, making clear that the TRO also applied to funds paused under the *Unleashing* EO and the *Unleashing* Guidance. *See* ECF No. 96.

[3] The States filed another motion to enforce the TRO on February 28, 2025 relating to FEMA funds that continue to be frozen despite the Court's TRO and subsequent clarifying orders. ECF No. 160. The Court will address that motion later in this Order.

Defendants to end any federal funding pauses and take steps to carry out the TRO during its pendency.  ECF No. 96 at 3-4.

Soon after the Court granted the States' emergency enforcement motion, the Defendants appealed to the First Circuit the Court's: (1) TRO; (2) order extending the TRO's duration, and: (3) order enforcing the TRO.  ECF No. 98 at 1.  The Defendants sought a stay of the Court's orders from the First Circuit, including an immediate administrative stay.  *Id.*  The Defendants also filed a motion to stay, requesting the Court to stay its orders pending appeal.  ECF No. 100.  Ultimately, the First Circuit denied the Defendants' motion for an administrative stay (ECF No. 106 at 2), the Court denied the Defendants' motion to stay (ECF No. 111), and the Defendants then voluntarily dismissed their appeal.  ECF Nos. 121, 122.  In the meantime, the States amended their complaint.  ECF No. 114.

Eventually, after an expedited briefing period, the Court held a hearing on the preliminary injunction motion where the States presented evidence of the categorical pause in funding and the harms resulting.  The Defendants did not rebut any of that evidence or introduce any evidence of their own but instead simply argued against the States' Motion on other grounds.  At the close of the arguments, the Court reiterated that the TRO was in full force and effect and took the States' Motion for Preliminary Injunction under advisement.

## II.    STANDARD OF REVIEW

"A request for a preliminary injunction is a request for extraordinary relief." *Cushing v. Packard*, 30 F.4th 27, 35 (1st Cir. 2022).  "To secure a preliminary

injunction, a plaintiff must show '(1) a substantial likelihood of success on the merits, (2) a significant risk of irreparable harm if the injunction is withheld, (3) a favorable balance of hardships, and (4) a fit (or lack of friction) between the injunction and the public interest.'" *NuVasive, Inc. v. Day*, 954 F.3d 439, 443 (1st Cir. 2020) (quoting *Nieves-Marquez v. Puerto Rico*, 353 F.3d 108, 120 (1st Cir. 2003)). In evaluating whether the plaintiffs have met the most important requirement of likelihood of success on the merits, a court must keep in mind that the merits need not be "conclusively determine[d];" instead, at this stage, decisions "are to be understood as statements of probable outcomes only." *Akebia Therapeutics, Inc. v. Azar*, 976 F.3d 86, 93 (1st Cir. 2020) (partially quoting *Narragansett Indian Tribe v. Guilbert*, 934 F.2d 4, 6 (1st Cir. 1991)). "To demonstrate likelihood of success on the merits, plaintiffs must show 'more than mere possibility' of success–rather, they must establish a 'strong likelihood' that they will ultimately prevail." *Sindicato Puertorriqueño de Trabajadores, SEIU Local 1996 v. Fortuño*, 699 F.3d 1, 10 (1st Cir. 2012) (per curiam) (quoting *Respect Maine PAC v. McKee*, 622 F.3d 13, 15 (1st Cir. 2010)).

## III.    DISCUSSION

### A.    Jurisdiction

The Defendants assert that the Court lacks jurisdiction to enter preliminary relief in this case because: (1) the OMB Directive's rescission renders the States' claims—or at least their request for preliminary relief—moot; and (2) the States have

not established standing to challenge the OMB Directive. *See* ECF No. 113 at 11-22. The Court will address each argument in turn.

### 1. Mootness

The Defendants contend that the States' claims here are directed only against the OMB Directive, and thus the rescission of the OMB Directive renders the States' claims moot. *Id.* at 11. They assert that the States' allegations of ongoing harms, such as continued funding freezes, do not stem from the challenged OMB Directive but from actions that are not challenged in the States' Complaint. *Id.* at 13. Those purportedly unchallenged actions that the Defendants suggest are the true basis for the States' ongoing harms are: (1) independent agency decisions not based on the OMB Directive; and (2) the issuance of OBM Memorandum M-25-11 (the "*Unleashing* Guidance")—which directed agencies to immediately pause certain disbursement of funds appropriated under the IRA and the IIJA.[4] *Id.* at 14-15.

The OMB Directive's rescission does not render the States' claims moot. The voluntary cessation doctrine precludes a finding of mootness in this case. The voluntary cessation doctrine gives rise to a mootness exception when the following two-part test is met: (1) the defendant voluntarily ceased the challenged conduct to moot the plaintiff's case; and (2) there is a reasonable expectation that the defendant will repeat the challenged conduct after the lawsuit's dismissal. *Lowe v. Gagné-*

---

[4] After the Defendants responded to the States' preliminary injunction motion, the States filed an Amended Complaint to explicitly include challenges to the *Unleashing* Guidance, the related *Unleashing* EO, and the general implementation of funding freezes based on the President's EO. *See* ECF No. 114 ¶¶ 192, 203-04, 208-09, 215-17, 225-26, 231-32, 237-38, 244-46.

*Holmes*, 126 F.4th 747, 756 (1st Cir. 2025) (citing *Bos. Bit Labs, Inc. v. Baker*, 11 F.4th 3, 9 (1st Cir. 2021)).  Here, there was a rescission of the challenged OMB Directive, *see* ECF No. 68-12, but as the Court has previously found, the evidence suggests that the OMB Directive's rescission was in name only and "may have been issued simply to defeat the jurisdiction of the courts."  ECF No. 50 at 10.  The Court made this finding, in part, based on a statement from the White House Press Secretary after the OMB Directive's rescission, stating:

> This is NOT a rescission of the federal funding freeze.  It is simply a rescission of the OMB memo.  Why?  To end any confusion created by the court's injunction.  The President's EO's on federal funding remain in full force and effect, and will be rigorously implemented.[5]

ECF No. 68-126; ECF No. 50 at 10-11.  The Defendants' contentions that the sole goal of that statement was "ending confusion" and "focusing agencies on the legal effect of the President's recent Executive Orders" are unavailing.  ECF No. 113 at 16.  The Press Secretary's statement reflects that the OMB Directive's rescission was a direct response to a court-issued stay against the OMB Directive so that the challenged federal funding freeze could continue without any judicially-imposed impediment.  Therefore, the Defendants' voluntary rescission of the OMB Directive was a clear effort to moot legal challenges to the federal funding freeze announced in the OMB Directive.

---

[5] The injunction referenced in the Press Secretary's statement is the administrative stay another federal court issued against the OMB Directive's instructions to agencies to "pause ... disbursement of Federal funds under all open awards."  *See Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, No. CV 25-239 (LLA), 2025 WL 314433, at *2 (D.D.C. Jan. 28, 2025).

Nor have the Defendants met their heavy burden of illustrating that it is "'absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" *Brown v. Colegio de Abogados de Puerto Rico*, 613 F.3d 44, 49 (1st Cir. 2010) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000)). The Defendants purport that a reinstatement of the challenged OMB Directive, absent an injunction, is a fear that is "wholly speculative given the existence of the President's Executive Orders which separately address the President's priorities." ECF No. 113 at 16. But nothing suggests that the OMB voluntarily abandoned the OMB Directive because they believed that: (1) the President's EOs, alone, sufficiently instructed agencies on how to implement the President's priorities; or (2) the OMB Directive was deficient or exceeded the Defendants' constitutional or statutory authority. *See* ECF No. 68-12 (recission without explanation). Rather, as explained above, the Press Secretary's statement reflects that the OMB Directive's rescission was in direct response to litigation that impeded the execution of a federal funding freeze. Thus, the rationale underlying the OMB Directive's rescission makes it unreasonable to conclude that the Defendants will not reinstate the challenged funding freeze absent an injunction from this Court. Accordingly, the States' challenges are not moot based on the OMB Directive's rescission.

Next, the Defendants claim that the States' request for preliminary relief is moot because, by rescinding the OMB Directive, the Defendants have "voluntarily provided the prospective injunctive relief that the States sought in their Complaint."

ECF No. 113 at 17.  Since the Defendants' submission of their Opposition to the States' Motion for Preliminary Injunction, the States have filed an Amended Complaint that clarifies the scope of their claims and requests for relief.  *See* ECF No. 114.  The States request that the Court preliminarily enjoin the Agency Defendants from implementing "the Federal Funding Freeze" "effectuated through EOs, the *Unleashing* [Guidance], the OMB Directive, and other agency actions . . . ." *Id.* ¶ 246.  The States' request for a preliminary injunction makes clear that they are challenging a pause on federal funding that was implemented under not only the OMB Directive, but also to the EOs incorporated therein and other agency actions such as the OMB's issuance of the *Unleashing* Guidance.  Thus, the rescission of the OMB Directive does not provide the States with *all* the prospective relief they have requested.[6]  Accordingly, the States' preliminary injunction request is not moot.

### 2.    Standing

The Defendants assert that the States lack standing to challenge the OMB Directive, particularly with respect to claims based on funding streams that "(1) are not within the scope of the OMB Memo; (2) are not managed by any of the Defendant agencies; or (3) benefit other States or third parties that are not plaintiffs in this case."  ECF No. 113 at 18-19.  "To have standing, a plaintiff must 'present an injury that is concrete, particularized, and actual or imminent; fairly traceable to the

---

[6] Additionally, various funding disruptions that occurred after the Court's TRO—and that continue to the present day—underscore how the Directive's rescission does not suffice as "voluntarily" providing the States all the prospective relief they request.  *See* ECF No. 96 at 3.

defendant's challenged behavior; and likely to be redressed by a favorable ruling.'" *Dep't of Com. v. New York*, 588 U.S. 752, 766 (2019) (quoting *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 733 (2008)). The Defendants contend that the States seek to bring five claims against "thousands of various agency funding streams," and thus must demonstrate standing for each claim against each funding stream. ECF No. 113 at 18. But the States' claims are not against funding streams.[7] Rather, the States' claims focus on the Defendants' actions, which seek to inhibit access to obligated funds indefinitely and indiscriminately—without reference to statute, regulations, or grant terms.

The States have introduced dozens of uncontested declarations illustrating the effects of the indiscriminate and unpredictable freezing of federal funds, which implicate nearly all aspects of the States' governmental operations and inhibit their ability to administer vital services to their residents.[8] These declarations reflect at least one particularized, concrete, and imminent harm that flows from the federal funding pause—a significant, indefinite loss of obligated federal funding. And such

---

[7] Even if the States' claims were targeted at these "thousands" of funding streams, their inability to feasibly take a program-by-program, grant-by-grant approach to raising their challenges is the consequence of the Defendants' broad, sweeping efforts to indefinitely stop nearly all faucets of federal funding from flowing to carry out the President's policy priorities, without regard to Congressional authorizations. One cannot set one's house on fire and then complain that the firefighters smashed all the windows and put a hole in the roof trying to put it out.

[8] *See* e.g., ECF Nos. 68-99 ¶ 11, 12; 68-18 ¶¶ 17-19; 68-102 ¶¶ 4-6 (effects on public safety and emergency management services); 68-31 ¶¶ 6, 7; 68-32 ¶ 13 (effects on health care services); 68-75 ¶¶ 6-8; 68-76 ¶ 5; 68-89 ¶ 5 (effects on State education services); 68-113 ¶¶ 45, 60-61; 68-95 ¶¶ 8-13; 66-123 ¶¶ 5, 29 (effects on environmental safety and energy development); 68-76 ¶¶ 7-19; 68-86 ¶¶ 9-10; 68-116 ¶¶ 15-16, 21 (effects on childcare services and child welfare).

19

a harm is fairly traceable to the Defendants' conduct via their acts to implement a widespread federal funding pause under the OMB Directive, the EOs incorporated therein, and the *Unleashing* Guidance. Granting this Motion in the States' favor will more than likely redress their injuries because it would inhibit the abrupt, indefinite pause of obligated federal funds on which the States rely to administer vital services to their residents. Accordingly, the States have the requisite standing to challenge the federal funding freeze.

Now that the Court has jumped over these initial hurdles, it moves to resolution of the States' preliminary injunction motion.

### B.    Likelihood of Success on the Merits

#### 1.    Administrative Procedure Act Claims

The States assert that the Agency Defendants'[9] implementation of the federal funding freeze, without regard to relevant authorizing statutes and regulations, violates the Administrative Procedure Act ("APA") because such actions violate the law, are ultra vires, and arbitrary and capricious. ECF No. 67 at 52 (citing 5 U.S.C. § 706(2)(A)). To begin, the Court must address the Defendants' arguments that the States' APA claims do not fall within the Court's subject matter jurisdiction.

#### a.    Final Agency Action

The APA allows judicial review of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. An agency action is "final" if: (1)

---

9 "Agency Defendants" refers to the federal executive agencies *and* departments that are parties in this suit.

it marks the "'consummation' of the agency's decisionmaking process," and (2) the action determines rights or obligations or creates legal consequences. *Harper v. Werfel*, 118 F.4th 100, 116 (1st Cir. 2024) (citing *Bennett v. Spear*, 520 U.S. 154, 177 (1997)).

The States identify: (1) the OMB Directive itself; and (2) the Agency Defendants' implementation of a categorical federal funding freeze, under the OMB Directive and Section 7(a) of the *Unleashing* EO, as final agency actions. ECF No. 67 at 53. The Defendants contend that the OMB Directive and other "guidance" about implementing the President's priorities are not final agency actions because the OMB Directive did not determine which funds or grants should be paused but required agencies to make such a determination under their respective authorities. ECF No. 113 at 28.

To suggest that the challenged federal funding freezes were purely the result of independent agency decisions rather than the OMB Directive or the *Unleashing* Guidance is disingenuous. Recall that the OMB Directive informed agencies that they "must complete a comprehensive analysis of all of their Federal financial assistance programs to identify programs, projects, and activities that may be implicated by any of the President's executive orders." ECF No. 68-9 at 2. The OMB Directive mandated that "[i]n the interim" of these comprehensive analyses, "Federal agencies **must temporarily pause** all activities related to obligation or disbursement of *all* Federal financial assistance, and other relevant agency activities that may be implicated by the executive orders . . . ." *Id.* (second emphasis added). Elsewhere, the

OMB Directive emphasized that "[e]ach agency must pause . . . disbursement of Federal funds under all open awards." *Id.*

The record makes clear that following the OMB Directive's issuance—and even before it was set to take effect—many of the States found themselves unable to draw down appropriated and awarded funding because they were completely shut out from accessing federal funding payment portals such as the Payment Management Services ("PMS").[10]  As the States highlight, such a wholesale shutdown does not suggest that agencies made individualized assessments of their statutory authorities and relevant grant terms before making the determination to blanketly pause access to obligated funds.[11]  And how could these agencies make such assessments?  The OMB Directive explicitly stated that the "temporary funding pause will become effective on January 28, 2025, at 5:00 PM"—a mere day after the Directive was

---

[10] *See* e.g., ECF Nos. 68-100 ¶ 8 (Oregon unable to access Medicaid federal funding system for entire day on January 28); 68-93 ¶ 6 (New York State Comptroller Office unable to draw over $70 million in obligated federal funds); 68-118 ¶ 18 (Washington's DCYF unable to draw down funds on morning of January 28—faced with message from federal payment system stating, "Temporary Pause on Disbursement of Federal Financial Assistance"); 68-55 ¶¶ 27-28 (New York's DCFS unable to draw down funds from PMS on morning January 28—faced with message stating: "Due to [EOs] regarding potentially unallowable grant payments, PMS is taking additional measures to process payments. Reviews of applicable programs and payments will result in delays and/or rejections of payments.").

[11] While the Defendants claim that the Directive and the EOs required the agencies to pause funding and impose restriction on obligated funds consistent with the law, the undisputed evidence before the Court is that adding the "consistent with the law" caveat was nothing more than window dressing on an unconstitutional directive by the Executive.  This is clear because when the Court clarified its TRO, when faced with evidence that the Defendants continued to freeze obligated funding, the money flowed once again.

issued. *Id.* As another court faced with a similar challenge to the OMB Directive underscored "it is unclear whether twenty-four hours is sufficient time for an agency to independently review a single grant, let alone hundreds of thousands of them." *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, No. CV 25-239 (LLA), 2025 WL 368852, at *8 (D.D.C. Feb. 3, 2025). Overall, the OMB Directive amounted to a command, not a suggestion, that Agency Defendants shall execute a categorical, indefinite funding freeze to align funding decisions with the President's priorities. Such a command, along with the Agency Defendants swift actions to execute the categorical funding freeze, marked the "consummation of each agency's decisionmaking process to comply with the President's executive order, the OBM [Directive], or both." *Drs. for Am. v. Off. of Pers. Mgmt.*, No. CV 25-322 (JDB), 2025 WL 452707, at *5 (D.D.C. Feb. 11, 2025).

The same analysis applies to the Agency Defendants' acts implementing funding pauses under Section 7(a) of the *Unleashing* EO and the OMB's *Unleashing* Guidance. The *Unleashing* Guidance largely reiterates the *Unleashing* EO's instruction that agencies immediately pause disbursements of funds under the IRA or IIJA and does not even attempt to allow for agency discretion.[12] *See* ECF No. 68-13 at 2. And agencies, such as the Department of Energy (DOE) and the U.S. Department of Agriculture acted quickly to implement the pause of appropriated IIJA

---

[12] The most that the *Unleashing* Guidance advances is an attempt to limit the pause of IRA/IIRA to only to "funds supporting programs, projects, or activities that may be implicated by the policy established in section 2 of the [*Unleashing*] order." *See* ECF No. 68-13.

and IRA funds.  *See* ECF Nos. 68-123 ¶¶ 33, 36, 37; 68-92 ¶¶ 14-15.  Thus, the implementation of those IIJA and IRA funding pauses likely marked the consummation of each agency's decision to comply with the *Unleashing* EO, the *Unleashing* Guidance, or both, not to exercise its discretion.

As to the second finality factor, the evidentiary record sufficiently shows that the abrupt, categorical, and indefinite pause of obligated federal funds is the direct, appreciable legal consequence that States have suffered from the Agency Defendants' actions implementing the funding pauses commanded in the OMB Directive and the *Unleashing* EO.  Accordingly, the Agency Defendants' actions suffice as "final agency action" as to permit the Court's judicial review of such actions under the APA.

Returning to the merits, the Court must decide whether the States are likely to succeed on their claim that the Defendants' implementation of the federal funding freeze was contrary to law, ultra vires, and arbitrary and capricious.  Under the APA, a court must "hold unlawful and set aside agency action, findings, and conclusions" if they are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."  5 U.S.C. § 706(2)(A).  Because this standard is "quite narrow: a reviewing court 'may not substitute its judgment for that of the agency, even if it disagrees with the agency's conclusions.'"  *Atieh v. Riordan*, 797 F.3d 135, 138 (1st Cir. 2015) (quoting *River St. Donuts, LLC v. Napolitano*, 558 F.3d 111, 114 (1st Cir. 2009)).  Therefore, a reviewing court must uphold an agency's decision if it is: (1) devoid of legal errors; and (2) "supported by any rational review of the record."  *Mahoney v. Del Toro*, 99 F.4th 25, 34 (1st Cir. 2024) (quoting *Atieh*, 797 F.3d at 138).  The Court will

first discuss whether the Defendants' actions were contrary to law and then turn to whether such acts were arbitrary and capricious.

### b.  Contrary to Law and Ultra Vires Actions

The States assert that the Defendants acted contrary to law and exceeded their statutory authority when imposing the challenged federal funding freeze. "When an executive agency administers a federal statute, the agency's power to act is 'authoritatively prescribed by Congress.'" *City of Providence v. Barr*, 954 F.3d 23, 31 (1st Cir. 2020) (quoting *City of Arlington v. FCC*, 569 U.S. 290, 297 (2013)). Therefore, "an agency literally has no power to act ... unless and until Congress confers power upon it." *Id.* (quoting *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374, (1986)).  Any action an agency takes that is beyond the limits of its statutory authority is ultra vires and violates the APA.  *Id.*

The statutory scheme governing federal appropriations are at the forefront of the States' ultra vires and "contrary to law" claims against the Agency Defendants. The States contend that the ICA[13] permits the Executive to defer or decline the expenditure of appropriated federal funds only under certain limited conditions that are not present here.  *See* ECF No. 67 at 45, 54-55.  They highlight that such an expenditure deferral cannot be made based on policy reasons but only on the

---

[13] The Defendants assert that because the ICA does not provide for a private right of action, the statute is "generally not enforceable through an APA suit." ECF No. 113 at 44 (citing *Gen. Land Off. v. Biden*, 722 F. Supp. 3d 710, 734-35 (S.D. Tex. 2024)).  The Court declines to adopt such a narrow view of what it may consider when determining whether an agency has acted "not in accordance with law" under the APA.  In the Court's view, "not in accordance with law," refers to "*any* law." *F.C.C. v. NextWave Pers. Commc'ns Inc.*, 537 U.S. 293, 300 (2003).

25

permissible bases listed under the ICA. *See id.* at 54 (citing 2 U.S.C. § 684(b)); Mem. of Gen. Accountability Off., *Office of Management and Budget—Withholding of Ukraine Security Assistance*, B-331564, at 6 (Jan. 16, 2020), https://perma.cc/6TMT-3CH2. The States also note that the ICA requires the Executive to send a "special message" to Congress explaining proposed deferrals. *Id.* at 55 (2 U.S.C. § 684(a)). Thus, the States argue that the federal funding freeze exceeded the Defendants' authority and contravened the ICA because: (1) the freeze, or deferral, was impermissibly based on "policy disagreement with Congressional priorities;" and (2) the Executive failed to send the required "special message" to Congress detailing the numerous proposed deferrals.

The ICA provides that "[w]henever the President, the Director of the [OMB], [or] the head of any [U.S.] department or agency . . . proposes to defer any budget authority provided for a specific purpose or project," the President must send a "special message" to Congress detailing the proposed deferrals. 2 U.S.C. § 684(a). A "deferral of budget authority" includes: (1) "withholding or delaying the obligation or expenditure of budget authority . . . provided for projects or activities;" or (2) "any other type of Executive action or inaction which effectively precludes the obligation or expenditure of budget authority . . .." *Id.* § 682(1)(A), (B). Further, the ICA enumerates only three bases in which a deferral is permissible: (1) "to provide for contingencies;" (2) "to achieve savings made possible by or through changes in requirements or greater efficiency of operations;" or (3) "as specifically provided by

law." *Id.* § 684(b). "**No officer or employee of the United States may defer any budget authority for any other purpose.**" *Id.* (emphasis added).

Here, the OMB Directive and Section 7(a) of the *Unleashing* EO, constituted a budget authority deferral because it commanded—and prompted—an indefinite withholding or delay of obligated funds. 2 U.S.C. § 682(1)(A). Thus, under the law, the President was required to send a special message to Congress detailing the proposed deferrals, such as the amounts deferred, the proposed deferral period, and the programs involved. *See id.* § 684(a). There is no evidence that such a special message detailing the indefinite, widespan deferrals of obligated funding was ever communicated to Congress. Accordingly, the States have substantiated a likelihood of success in proving that the Executive's actions were contrary to law when bringing about a deferral of budget authority without sending a special message to Congress as the ICA requires.

The States also raise that "the Funding Freeze violates the specific statutes in which Congress mandated that funding be used in a specific manner according to specific terms." ECF No. 67 at 55. They assert that many federal funding streams are so-called "categorical" or "formula" grants that Congress directed the Executive to provide to the States based on "enumerated statutory factors, such as population or the expenditure of qualifying State funds." *Id.* (citing *City of Los Angeles v. Barr*, 941 F.3d 931, 934-35 (9th Cir. 2019)). Thus, the States contend that Congress's specific directives in the statutory and regulatory schemes that govern such "formula"

27

funding streams are inconsistent with the sweeping authority the Defendants have asserted in carrying out the federal funding freeze. *Id.* at 48, 55-56.

The States have underscored clear examples in which Congress has appropriated funds to federal programs and has strictly prescribed how those funds must be expended. For example, the IIJA appropriated over $14 billion in grants for the States' Clean Water revolving funds from 2022 to 2026. IIJA, Pub. L. No. 117-58, § 50210, 135 Stat. 429, 1169 (2021). Those funds are a creature of a separate statute—the Federal Clean Water Act—which instructs the Environmental Protection Agency ("EPA") that it "shall make capitalization grants to each State," via formula grants, to establish and support water pollution control revolving funds for certain enumerated objectives and policy goals. 33 U.S.C. §§ 1381(a), (b); 1383(c); 1384(a), (c)(2).

Additionally, the IRA established a program to subsidize heat pump systems purchases, instructing the DOE Secretary that they "*shall* reserve funds . . . for each State energy office" based on an allotment formula. 42 U.S.C. § 18795a(a)(2)(A)(i) (emphasis added). Further, a climate pollution reduction grant under the IRA directed that the EPA "*shall* make a grant to at least one eligible entity in each State for the costs of developing a plan for the reduction of greenhouse gas air pollution . . .." 42 U.S.C. § 7437(b). Congress has instructed other agencies to provide the States with federal funding using a mandatory fixed formula. *See e.g.*, 23 U.S.C. § 104(a)(1), (b), (c) (instructing that the Transportation Secretary "*shall*" distribute federal highway funds based on mandatory apportionment formulas); 42 U.S.C. §§ 300x(a),

300x-7(a), 300x-21(a), 300x-33(a) (directing that the Health and Human Services Secretary "shall make" or "shall determine the amount of" grants to States for mental health and substance abuse treatment based on fixed statutory formulas).

These are a few examples of funding streams where Congress has mandated that the Executive spend appropriated funds according to a prescribed statutory formula, thus leaving agency Secretaries with no discretion to deviate from such formula. *See* ECF No. 67 at 6-11, 48-50; *see also* ECF No. 147 at 9-10. Yet the Agency Defendants halted the disbursement of these formula grants when freezing appropriated funds to ensure spending conformed with the President's policy priorities. *See e.g.*, ECF Nos. 68-35 ¶ 20 (California's Water Resources Control Board unable to draw down funds under existing Clear Water State Revolving Funds grant agreements on January 31); 68-123 ¶ 4, 9 (Colorado unable to draw down funds for the IRA climate pollution reduction grant); *see also* ECF No. 68-124 at 2 (DOE memorandum announcing that "[a]ll funding and financial assistance . . . shall not be announced, approved, finalized, modified, or provided until a review of such takes place to ensure compliance with . . . Administration policy.").

But "[a]bsent congressional authorization, the Administration may not redistribute or withhold properly appropriated funds in order to effectuate its own policy goals." *City & Cnty. of San Francisco v. Trump*, 897 F.3d 1225, 1235 (9th Cir. 2018). There is sufficient evidence that, in implementing the funding freeze, the Agency Defendants withheld funding that Congress did *not* tie to compliance with the President's policy priorities in the OMB Directive and the *Unleashing* EO.

29

Accordingly, the States have substantiated a likelihood of success on the merits that the Agency Defendants acted "not in accordance with the law"—in violation of the APA—when exceeding their statutory authority to carry out a categorical federal funding freeze. 5 U.S.C. § 706(2)(A).

### c. Arbitrary and Capricious

Next, the States argue that the challenged federal funding freeze is arbitrary and capricious because it is not "reasonable or reasonably explained." ECF No. 67 at 56 (quoting *Fed. Commc'ns Comm'n v. Prometheus Radio Project*, 592 U.S. 414, 423 (2021)). The States assert that the Agency Defendants did not provide a satisfactory explanation for the funding freeze and explained only that the freeze was aimed at helping the President achieve his policy priorities. ECF No. 67 at 56. The States contend that achieving such priorities "cannot come in the form of an across-the-board directive that contravenes numerous statutory provisions without explanation of how that action comports with applicable statutory or regulatory commands or factors relevant under those authorities." *Id.* Further, the States allege that the Defendants disregarded the harmful consequences of the funding freeze, particularly the danger to "critical services [upon which] millions of Americans rely." *Id.* at 56-57. Lastly, the States argue that the freezing of all funds appropriated under the IRA and the IIJA was substantively unreasonable because it lacks support in law and contravenes statutory text. *Id.* at 57.

The Defendants counter that the OMB Directive adequately explained the goals of the funding freeze, which was "to effectuate the President's Executive Orders

and 'safeguard valuable taxpayer resources.'" ECF No. 113 at 57 (citing OMB Directive at 1). Further, the Defendants assert that the OMB Directive rationally connected the temporary pause to those stated objectives when explaining that the pause was needed to give "the Administration time to review agency programs and determine the best [funding uses] consistent with the law and the President's priorities." *Id.* at 57-58 (citing OMB Directive at 2). They highlight that the OMB Directive explicitly orders agencies to act "consistent with the law" six times and thus agencies were not directed to contravene their statutory authorities. *Id.* at 58.

Moreover, the Defendants argue they did consider important aspects of the problem because the OMB Directive highlighted the problem—the "significant amount of money" spent each year on financial assistance—and merely directed agencies to assess the problem by reviewing which assistance may be impacted by the President's order. *Id.* Additionally, they assert that they considered the practical consequences that would flow and took steps to mitigate them because the OMB Directive: (1) exempted assistance provided directly to individuals from the pause; (2) noted that the OMB could grant exceptions on a case-by-case basis; (3) directed only a temporary pause; and (4) provided a delayed effective date. *Id.* at 58-59.

A decision is arbitrary and capricious "if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Melone v. Coit*, 100 F.4th 21,

29 (1st Cir. 2024) (*Craker v. DEA,* 714 F.3d 17, 26 (1st Cir. 2013)).  The Court finds that the Defendants have not provided a rational reason that the need to "safeguard valuable taxpayer resources" is justified by such a sweeping pause of nearly all federal financial assistance with such short notice.  Rather than taking a deliberate, thoughtful approach to finding these alleged unsubstantiated "wasteful or fraudulent expenditures," the Defendants abruptly froze billions of dollars of federal funding for an indefinite period.  It is difficult to perceive any rationality in this decision—let alone thoughtful consideration of practical consequences—when these funding pauses endanger the States' ability to provide vital services, including but not limited to public safety, health care, education, childcare, and transportation infrastructure. *See* ECF No. 67 at 24-34, 58-61.

Further, the mere twenty-four hours that the OMB gave agencies to discern which of thousands of funding freezes must or must not be paused flouts the Defendants' arguments that either the "delayed" effective date or the "consistent with the law" instruction mitigated the harm that the pause caused.  The OMB Directive essentially ordered agencies to effectuate the blanket pause and then decide later which funding streams they actually had lawful authority to withhold. *See e.g.*, ECF No. 68-55 ¶¶ 27-28 (New York's Office of Children and Family Services unable to draw down funds from PMS on morning January 28—faced with message stating: "Due to [EOs] regarding potentially unallowable grant payments, PMS is taking added measures to process payments.  Reviews of applicable programs and payments will result in delays and/or rejections of payments.").  Again, the Defendants have not

32

proffered a rational reason for how their alleged goal of safeguarding taxpayer funds justified a de facto suspension of nearly all federal funding. Thus, the States have substantiated a likelihood of success of proving that the Agency Defendants' implementation of the funding freeze was arbitrary and capricious.

Further, the Agency Defendants' categorical freeze of funding appropriated under the IRA and IIJA is also likely substantively unreasonable in violation of the APA. Generally, substantive unreasonableness may arise when an agency "exercise[s] its discretion unreasonably." *Multicultural Media, Telecom & Internet Council v. Fed. Commc'ns Comm'n*, 873 F.3d 932, 936 (D.C. Cir. 2017) (Kavanaugh, J.). As discussed above, the IRA and IIJA appropriated funds to certain programs and funding streams that mandated expenditures based on fixed formulas—*not* the contravening policies of the President. Based on the record, the Agency Defendants implemented sweeping pauses of IRA/IIJA appropriated funds—under the OMB Directive and *Unleashing* EO—despite various fundings streams being governed by statutory commands that did not give discretion to withhold funds based on the policy initiatives the Executive sought to further. *See e.g.*, ECF Nos. 48-1 ¶¶ 4-5 , 68-124 at 2; 68-123 ¶¶ 6-10, 26; 68-123 ¶ 36; 68-92 ¶ 15. Thus, the States have substantiated a likelihood of success on illustrating that the Agency Defendants unreasonably exercised its discretion, in violation of the APA, when broadly freezing IRA/IIJA appropriated funds in contravention of the underlying statutory funding commands.

In sum, the Agency Defendants have failed to offer rational reasons for finding that the policy objectives stated in the OMB Directive and Section 2 of *Unleashing*

EO justified the indefinite pause on nearly all federal funding. The breadth and immediacy of the funding freeze and the catastrophic consequences that flowed reflects the Agency Defendants' failure to: (1) meaningfully consider the "important aspect[s] of the problem[s]"—namely the plain implications of withholding trillions of dollars of federal financial assistance; and (2) reflect if the freeze fell within the bounds of their statutory authority. Accordingly, the States have shown a likelihood of success on their APA claims (Counts I and II). The Court "need go no further."[14] It turns now to whether the States satisfy the other requirements for injunctive relief.[15]

### C.    Irreparable Harm

"District courts have broad discretion to evaluate the irreparability of alleged harm and to make determinations regarding the propriety of injunctive relief." *K– Mart Corp. v. Oriental Plaza, Inc.*, 875 F.2d 907, 915 (1st Cir. 1989) (quoting *Wagner v. Taylor*, 836 F.2d 566, 575–76 (D.C. Cir. 1987)). There are "relevant guideposts" to guide that discretion—"the plaintiff's showing must possess some substance" and "the predicted harm and the likelihood of success on the merits must be juxtaposed and weighed in tandem." *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 19

---

[14] The Honorable Bruce M. Selya's body of over 1800 written opinions, *passim*.

[15] Under the constitutional avoidance doctrine, "federal courts are not to reach constitutional issues where alternative grounds for resolution are available." *Vaquería Tres Monjitas, Inc. v. Pagan*, 748 F.3d 21, 26 (1st Cir. 2014) (quoting *Am. Civil Liberties Union v. U.S. Conference of Cath. Bishops*, 705 F.3d 44, 52 (1st Cir. 2013)). Thus, because the Court finds the challenged agency actions violate the APA, the Court will not decide the States' constitutional claims (Counts IV-VIII), although the Court has noted in its introduction to this decision that the constitutional balance of powers issues that arise from the Executive's actions in this case are serious.

34

(1st Cir. 1996) (citations omitted). The Court found at the TRO stage that the States would suffer irreparable harm if the Defendants' blanket freeze of appropriated and obligated funds, which currently has no end date, were not enjoined. After a full briefing and hearing on the merits where the Defendants presented no answer, no evidence, and no counter to the States' extensive evidence of still frozen funds and the harm resulting, the Court finds that the unrefuted evidence shows irreparable and continuing harm.

In their Complaint, preliminary injunction motion, and during the argument thereon, the States laid out scores of examples of obligated funding and the harm that withholding such funding has caused. It is so obvious that it almost need not be stated that when money is obligated and therefore expected (particularly money that has been spent and reimbursement is sought) and is not paid as promised, harm follows—debt is incurred, debt is unpaid, essential health and safety services stop, and budgets are upended. And when there is no end in sight to the Defendants' funding freeze, that harm is amplified because those served by the expected but frozen funds have no idea when the promised monies will flow again.

Defendants concede that there is no date written into the EOs or the OMB Directive or instructions when the freeze will end but argues that the funding recipients can be assured that it will end eventually, presumably when the agencies have reviewed all of the funding and made decisions about whether any or all or some align with how the President wants that money spent. The States are not reassured by this vague promise, and neither is the Court. This is particularly true where the

States had no notice of a potential freeze so they could plan, States appear to have little to no information about how any funding review is being conducted and by whom, and even though the frozen funds were obligated and owed, States had no chance to justify and protect the funding that they were granted by statute, regulation, or grant contract. *See*, *e.g.*, ECF Nos. 68-28 (receiving no response from EPA officials to inquiry about grants missing from ASAP); 68-33 (same). As the Court observed, these arbitrary and capricious actions violate the APA, with consequences that harm not only to our orderly system of government but also inflict direct pecuniary harm to the States and their residents.

The States have presented unrebutted evidence of the harm they are suffering and will continue to suffer due to this categorical funding freeze. The Court will not recount each instance but will summarize the "highlights" and note that while the States are the plaintiffs in this Court, it is their citizens, often our most vulnerable citizens, who are enduring much of the harm resulting from these arbitrary and capricious acts. The Court makes the following factual findings based on the record evidence.

Head Start and other childcare programs have been impacted. As of February 5, 2025, many Head Start providers were still having difficulties accessing federal funds and are considering layoffs, reductions in service, and even closures. *See* ECF Nos. 68-76; 68-41. Some States would have to pay more in provider subsidies if federally-funded Head Start childcare does not resume. ECF No. 68-111.

Other federally-funded childcare, child welfare services, and early childhood services are impacted. *See* ECF Nos. 68-76; 68-36; 68-86; 68-116; 68-55; 68-68; 69-39; 68-43.

A freeze in federal funding for education "would catastrophically disrupt student instruction[,]" including for low-income students and children with disabilities. ECF No. 68-89 ¶ 8; *see also* ECF Nos. 68-75; 68-43; 68-116. A freeze impacts state universities who receive federal funding who may be forced to stop vital research projects. "Even a temporary pause in funding could require the University to shutter or reduce programs, including mission-critical research activities, instruction, and public service activities and to furlough and/or lay off employees." ECF Nos. 68-112 ¶ 7; 68-121 ¶ 7 ("Research projects that require daily activities and meticulous record-keeping may be ruined, setting back the research enterprise and wasting the federal investment.").

This funding freeze affects critical healthcare provided through federally-funded Medicaid programs, the Children's Health Insurance Program ("CHIP"), and other health care programs. ECF Nos. 68-31, 68-32; 68-74; 68-105; 68-24. Loss of Medicaid funding would "significantly impede the delivery of basic health care services to . . . low-income, elderly, and pregnant individuals, as well as individuals with disabilities." ECF No. 68-32 ¶ 13.

The funding freeze also impacts law enforcement and public safety agencies who also rely on federal funding. Federal grant programs support state and local law enforcement agencies, community violence, and crisis interruption programs, and programs addressing sexual violence, among many other crucial services. ECF

Nos. 68-102, 68-18. In an evident and acute harm, with floods and fires wreaking havoc across the country, federal funding for emergency management and preparedness would be impacted. ECF Nos. 68-111; 68-39. To be sure "[i]f a major disaster were to occur while federal emergency management funds . . . are frozen. . . [p]ending preparedness training and mitigation work may come to a stop and the incapacitation of federally-funded emergency management programs and services that would result from a federal funding freeze could very well lead to increased loss of life and injury …, slowed emergency response times, greater risks to first responders, greater property damage, and delays to community recovery and rebuilding." ECF No. 68-99 ¶ 13.

The freeze affects job training, workforce development, and unemployment programs and the ripple effect of cutting off this funding is felt throughout the States. ECF Nos. 68-94; 68-54; 68-70; 68-104; 68-39; 68-88; *see* ECF No. 68-29 ¶ 27 (harms to veterans seeking to acquire job skills and employment, and others seeking career and employment training services, reduced level of service in processing and approving unemployment insurance claims and paying out unemployment insurance benefits); ECF No. 68-30 ¶ 13 (harms to workers seeking to participate in job apprenticeship programs).

The freeze also affects federal funds for critical transportation infrastructure, such as the $60 million in promised reimbursement for the costs of removal and salvage of debris from the Francis Scott Key Bridge for which Maryland is awaiting. ECF No. 68-66 ¶¶ 5-7 . Other States have likewise entered into contracts for projects

to be paid for with obligated funds. ECF Nos. 68-77; 68-31; 68-66; 68-80; 68-39. Without these funds, States may have to suspend, delay, or cancel projects. ECF No. 68-77.

IIJA and IRA funding programs are subject to the freeze and threaten the loss of essential services to protect the health, safety, and welfare of the States' residents. *See, e.g.*, ECF No. 68-28 (California Air Resource Board unable to access granted federal funding aimed at monitoring air toxins); ECF No. 68-42 (frozen funds include those awarded to South Coast Air Quality Management District for programs reducing air pollution from freight corridors and warehousing hubs); ECF No. 68-113 (funding freeze threatens to pause important contamination remediation efforts; contracted-for brownfield cleanup work being "held up" by funding freeze); ECF No. 68-106 (frozen funds designated for monitoring of air pollution); ECF No. 68-92 (New York State Department of Environmental Conservation denied funding reimbursement for plugging of orphaned oil and gas wells due to alleged inconsistency with OMB's *Unleashing* Guidance).

Congress enacted these statutes and appropriated these funds for legitimate reasons, and the Defendants' categorical freeze, untethered to any statute, regulation, or grant term, frustrates those reasons, and causes significant and irreparable harms to the States. *See, e.g.*, ECF No. 68-118 (pause in funding streams would have "massive impact," require resource shifts, and interfere with mission); ECF No. 68-59 (without grant funding, "small public water systems … will continue to rely on drinking water polluted by PFAs and/or other emerging contaminants,"

39

cleanup of oil and hazardous materials contamination in post-industrial communities would likely be abandoned, and state efforts to monitor and mitigate air pollution would be hampered); ECF No. 68-83 ("North Carolina will lose the benefits of over $117 million in conservation projects" if the freeze is not lifted, leaving its residents "more vulnerable to flooding and wildfires."); ECF No. 68-40 (state would have to regain trust of contractors and homeowners after reimbursement delays); ECF No. 68-122 (funding freeze causes uncertainty, harming Colorado's ability to provide services to Coloradans relying on federal funds for installation of energy-saving appliances; continued delay will cause homeowners to forfeit improvements to homes that would cut energy bills); ECF No. 68-95 (freezing of IIJA Grid Resilience Innovations Partnerships funding in New York will delay electric grid resilience improvements, "potentially increasing the risk of damage to the grid in a severe weather event and causing additional harm to small municipal electric utilities."); ECF No. 68-59 (pause in Long Island Sound Program Grant would impede remediation of nitrogen and other pollution); ECF No. 68-79 (frozen $25 million grant funds for replacing lead service lines to residential homes "put[s] the safety of Minnesotans' drinking water at risk"); ECF No. 68-31 (health care, emergency relief, highway safety, and billions of dollars in water infrastructure, transportation, and broadband infrastructure projects); ECF No. 68-30 (federal funding pause could render California government entities unable to deliver numerous services to increase workplace health and safety); ECF No. 68-35 (interruption in funding threatens California Water Board's ability to come into compliance with federal safe

drinking water standards, including ongoing work to remove lead from water service lines).

Even though some funding has begun to flow again after the TRO entered, the States have presented evidence of harm resulting from the chaos and uncertainty that the Defendants' arbitrary decision to categorically freeze billions of dollars in federal funding. *See, e.g.*, ECF Nos. 68-40; 68-44 (Connecticut's Department of Energy and Environmental Protection "unable to recruit and hire future staff" to support Solar for All Program due to "budgetary uncertainty"); 68-107 (uncertainty has led Brown University's research community to suspend orders of large research equipment, which over time will negatively impact the ability of researchers to conduct their studies); 68-85 (uncertainty surrounding funding forcing New Jersey Board of Public Utilities to decide between delaying Solar for All Program or risking no reimbursement); 68-27 (uncertainty over grants has disrupted California agency's "ability to budget, plan… and carry out its mission"); *see also Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, No. CV 25-239 (LLA), 2025 WL 597959, at *18 (D.D.C. Feb. 25, 2025) ("While funds have resumed flowing to some recipients, that does not erase the imminence or irreparability of what another pause would entail.").

Even with the Court's TRO in place, state agencies continue to experience interruptions to access and inconsistent ability to draw down funds from grants funded by IIJA and IRA appropriations. Some funding has been restored in federal funding portals, but others appear to have been removed. *See*, *e.g.*, ECF Nos. 68-28; 68-35; 68-33; 68-59. And nothing in the Defendants' briefing or oral presentation

reassures the States that federal agencies, under the Executive's directives, will fulfill their funding obligations in the future. *See e.g.*, ECF Nos. 68-20 (Arizona has incurred obligations over $16 million in reliance on Home Electrification and Appliance Rebate award, of which over $15 million has yet to be reimbursed); 68-49 (University of Hawaii has been paying five employees out of pocket, without reimbursement to which they are entitled); 68-106 (elimination of $3 million Climate Pollution Reduction Grants ("CPRG") would make statutory compliance more costly); 68-61 (if not reimbursed through CPRG, Massachusetts may be forced to cancel vendor contract); 68-42 (California's South Coast Air Quality Management District and its subgrantees face risks that EPA would refuse to reimburse incurred work and costs). This litany of struggles experienced in the last seven weeks unquestionably constitute irreparable harm to the States.

### D. Balance of the Equities and Public Interest

The Court need not say much more on the final two factors than it did when it granted the TRO as the more developed evidentiary record continues to overwhelmingly show that the balance of equities weighs heavily in favor of granting the States' preliminary injunction motion and the public interest is supported by "preserv[ing] the status quo." *Francisco Sanchez v. Esso Standard Oil Co.*, 572 F.3d 1, 19 (1st Cir. 2009).

The Defendants are not harmed where the order requires them to disburse funds that Congress has appropriated to the States and that they have obligated. The Court's order does not prevent the Defendants from making funding decisions in

situations under the Executive's "actual authority in the applicable statutory, regulatory, or grant terms," ECF No. 111 at 7; rather it enjoins agency action that violates statutory appropriations and obligations. An agency is not harmed by an order prohibiting it from violating the law.

On the other hand, without injunctive relief to pause the categorical freeze, the funding that the States are due and owed creates an indefinite limbo. Without the injunction, Congressional control of spending will have been usurped by the Executive without constitutional or statutory authority. While some of the funding has begun to flow, and some only after the Court issued an order to enforce the TRO, the States continue to face substantial uncertainty about whether Defendants will meet their contractual obligations under several statutorily appropriated programs, including those under the IIJA and IRA. ECF Nos. 68-93; 68-105; 68-34; 68-101; 68-100; 68-114; 68-39; 68-80; 68-28; 68-40; 68-35; 68-61; 68-95; 68-23; 68-49; 68-60; 68-51; 68-48; 68-106; 68-108; 68-52; 68-83; 68-72; 68-59; 68-42; 68-85; 68-56.

In light of the unrebutted evidence that the States and their citizens are currently facing and will continue to face a significant disruption in health, education, and other public services that are integral to their daily lives due to this overly broad pause in federal funding, the Court finds that the public interest lies in maintaining the status quo and enjoining any categorical funding freeze.

## IV. PRELIMINARY INJUNCTION

A preliminary injunction is appropriate, and the Court ORDERS as follows:

1.    The Agency Defendants[16] are enjoined from reissuing, adopting, implementing, giving effect to, or reinstating under a different name the directives in OMB Memorandum M-25-13 (the "OMB Directive") with respect to the disbursement and transmission of appropriated federal funds to the States under awarded grants, executed contracts, or other executed financial obligations.

2.    The Agency Defendants are enjoined from pausing, freezing, blocking, canceling, suspending, terminating, or otherwise impeding the disbursement of appropriated federal funds to the States under awarded grants, executed contracts, or other executed financial obligations based on the OMB Directive, including funding freezes dictated, described, or implied by Executive Orders issued by the President before rescission of the OMB Directive or any other materially similar order, memorandum, directive, policy, or practice under which the federal government imposes or applies a categorical pause or freeze of funding appropriated by Congress. This includes, but is by no means not limited to, Section 7(a) of Executive Order 14154, Unleashing American Energy.

3.    The Defendants must provide written notice of this Order to all federal departments and agencies to which the OMB Directive was addressed.  The written notice shall instruct those departments and agencies that they may not take any steps to implement, give effect to, or reinstate under a different name or through other means the directives in the OMB Directive with respect to the disbursement or

---

[16] "Agency Defendants" refers to the federal executive Agencies and Departments that are parties in this suit.

transmission of appropriated federal funds to the States under awarded grants, executed contracts, or other executed financial obligations.

4.      The foregoing written notice shall also instruct those agencies to release and transmit any disbursements to the States on awarded grants, executed contracts, or other executed financial obligations that were paused on the grounds of the OMB Directive and Executive Orders included by reference therein or issued before the rescission of the OMB Directive.

5.      In light of the States' second motion to enforce the TRO, ECF No. 160, Defendant Federal Emergency Management Agency ("FEMA") shall file a status report on or before March 14, 2025, informing the Court of the status of their compliance with this order.

Additionally, based on its findings that the States: (1) are entitled to a preliminary injunction; and (2) will be irreparably harmed without this Order, the Court DENIES the Defendants' request to stay this Order pending appeal to the First Circuit. *See* ECF No. 113 at 65-66. Further, the Court DENIES as moot the Plaintiffs' motion to enforce the TRO because this Order's issuance renders the TRO expired. ECF No. 160.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief Judge
United States District Court for the District of Rhode Island

March 6, 2025