Case No. 25-1236

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

STATE OF NEW YORK, *et al.*

*Plaintiffs-Appellees*

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*

*Defendants-Appellants*

On Appeal from the District of Rhode Island,
No. 1:25-cv-00039 (McConnell, J.)

## MOTION BY COMMONWEALTH OF KENTUCKY FOR LEAVE TO FILE AMICUS BRIEF SUPPORTING DEFENDANTS-APPELLANTS

Russell Coleman
 *Attorney General*
Matthew F. Kuhn
 *Solicitor General*
Office of the Kentucky
 Attorney General
Frankfort, Kentucky 40601
(502) 696-5300
Matt.Kuhn@ky.gov

*Counsel for the Commonwealth of Kentucky*

The Commonwealth of Kentucky, through its Attorney General Russell Coleman, moves for leave to file an amicus brief at the stay stage. It files this motion out of an abundance of caution, as States need not seek leave to file amicus briefs during either initial consideration of a case on the merits, *see* Fed. R. App. P. 29(a)(2), or during consideration of whether to grant rehearing, *see* Fed. R. App. P. 29(b)(2). But because the appellate rules do not expressly address stay-stage amicus briefs, Kentucky respectfully seeks leave to file a brief at this stage. The defendants-appellants consent to the timely filing of this amicus brief, and the plaintiffs-appellees do not oppose its filing.

Kentucky has a substantial interest in this appeal because Kentucky's Governor, who is a plaintiff-appellee here, secured broad preliminary relief below that he is not entitled to seek under Kentucky law. Although Kentucky's Governor sued only on behalf of his office, the district court granted him relief that appears to apply to the Commonwealth as a whole. Under Kentucky law, Kentucky's Attorney General is the official who can seek such relief on behalf of the Commonwealth. *See* Ky. Rev. Stat. § 15.020(1), (3). Indeed, given that Kentucky's Governor sued only on behalf of his office, it does not appear that there is any dispute about this issue. The Attorney General thus files this brief to emphasize the mismatch between the status in which Kentucky's Governor sued and the scope of relief he secured below. This mismatch implicates important federalism concerns, given that States are entitled to make the sovereign

decision of which state official or officials can represent the State's interests in court. *See Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 277–78 (2022).

There is no express word limit for an amicus brief filed at this stage of the proceedings. The Commonwealth thus respectfully requests leave to file the attached brief at its existing length.

Respectfully submitted,

*s/ Matthew F. Kuhn*
Russell Coleman
 *Attorney General of Kentucky*
Matthew F. Kuhn
 *Solicitor General*
Office of Kentucky Attorney General
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
(502) 696-5300
Matt.Kuhn@ky.gov

*Counsel for the Commonwealth of Kentucky*

## CERTIFICATE OF COMPLIANCE

I certify in accordance with Fed. R. App. P. 32(g) that this motion complies with the type-volume limitations because it contains 323 words.

I further certify that this motion complies with Fed. R. App. P. 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared in Microsoft Word using 14-point Garamond font.

*s/ Matthew F. Kuhn*

## CERTIFICATE OF SERVICE

On March 14, 2025, I filed an electronic copy of this motion with the Clerk of the First Circuit using the Court's electronic-filing system. That system sends a Notice of Docket Activity to all registered attorneys in this case.

<em>s/ Matthew F. Kuhn</em>