No. 25-1236, 25-1413

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

STATE OF NEW YORK, *et al.*,

*Plaintiffs-Appellees,*

v.

DONALD J. TRUMP, in his Official Capacity as President of the United States, *et al.*,

*Defendants-Appellants.*

*On Appeal from the United States District Court
for the District of Rhode Island*

### MOTION BY THE CLAREMONT INSTITUTE'S CENTER FOR CONSTITUTIONAL JURISPRUDENCE AND JOHN C. EASTMAN FOR LEAVE TO FILE AMICI CURIAE BRIEF SUPPORTING DEFENDANTS-APPELLANTS

Movants Claremont Institute's Center for Constitutional Jurisprudence and John C. Eastman hereby request leave under Federal Rule of Appellate Procedure 29(a)(3) to file an *amici curiae* brief in support of Appellants' Emergency Motion for a Stay Pending Appeal. The brief is attached as an exhibit to this motion. In support of its motion, *amici* state as follows:

1

1. The Claremont Institute's Center for Constitutional Jurisprudence is dedicated to promoting the principles of the American founding. In particular, the Center advances the principle that the Constitution establishes a federal government of limited and enumerated powers, with powers not delegated to the federal government reserved to the states or to the people. Among those limited powers is the power to tax and spend only for the "common defense and general welfare of the United States."

2. The Center and its attorneys have appeared regularly before the Supreme Court and Courts of Appeals as counsel for parties or as amicus curiae in cases addressing important structural provisions of the Constitution and separation of powers issues, including: *Loper Bright Enterprises v. Raimondo*, No. 22-451 (2023); *Sackett v. EPA*, 598 U.S. 651 (2023); *West Virginia v. EPA*, 142 S.Ct. 2587 (2022); *Moyle v. United States* and *State of Idaho v. United States*, Nos. 23-726 and 23-727 (2024); *Kisor v. Wilkie*, 139 S.Ct. 2400 (2019); *Department of Transportation v. Association of American Railroads*, 575 U.S. 43 (2015); *Perez v. Mortgage Bankers Association*, 575 U.S. 92 (2015); *National Federation of Independent Business v. Sebelius*, 567 U.S. 519 (2012); *Bond v. United States*, 564 U.S. 211 (2011); *Reisch v. Sisney*, No. 09-953 (2010); and *Gundy v. United States*, 139 S.Ct. 2116 (2019). Several of these cases, including *Reisch, Moyle*, and *NFIB v. Sebelius*, directly addressed constitutional limitations on Congress's spending power.

2

3. John C. Eastman is the Founding Director of the Claremont Institute's Center for Constitutional Jurisprudence and a Senior Fellow at the Claremont Institute. He has written extensively on the Spending Clause and the original understanding of the Constitution's limitations on federal power, including "Restoring the 'General' to the General Welfare Clause," 4 Chapman Law Review 63 (2001).

4. The scope of this case implicates fundamental questions about the extent of Congress's spending power and of executive authority to faithfully execute the laws in accordance with constitutional limitations.

5. The attached brief explains that the Spending Clause of Article I, Section 8 imposes substantive constitutional limitations on federal spending authority, requiring that appropriations serve the general welfare of the nation rather than local or ideological interests. It further argues that the Executive Branch bears an independent constitutional obligation to ensure that federal disbursements comply with these limitations, pursuant to the President's duty to "take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3. The district court's injunction, by preventing the Executive from pausing disbursements to assess constitutional compliance, improperly interferes with that obligation and subverts the constitutional separation of powers. The brief relies on both founding-era evidence and binding precedent, including *United States v. Butler*, 297 U.S. 1 (1936), and

*South Dakota v. Dole*, 483 U.S. 203 (1987), to demonstrate that the "general welfare" limitation is not merely aspirational but judicially enforceable and operative.

6.  Counsel for Appellants has consented to the filing of this amici curiae brief. As of the date of this filing, counsel for Appellees have not responded to a request for consent that was sent on May 29, 2025.

WHEREFORE, movant respectfully requests leave to file the accompanying *amici curiae* brief.

                                            Respectfully submitted,

                                            <u>/s/ Alexander Haberbush</u>
                                            Alexander Haberbush
                                            CONSTITUTIONAL COUNSEL GROUP
                                            444 W Ocean Boulevard, Suite 1403
                                            Long Beach, CA 90802
                                            Telephone: (562) 435-9062
                                            FAX: (562) 600-7570
                                            E-mail: ahaberbush@ccg1776.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system on June 5, 2025.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Executed this 5th day of June, 2025.

/s/ Alexander Haberbush
Alexander Haberbush
CONSTITUTIONAL COUNSEL GROUP
444 W Ocean Boulevard, Suite 1403
Long Beach, CA 90802
Telephone: (562) 435-9062
FAX: (562) 600-7570
E-mail: ahaberbush@ccg1776.com
